Van Rensselaer agt. Chadwick.

---

## SUPREME COURT.

### Van Rensselaer agt. Chadwick.

### The same agt. Ogden.

The return of a sheriff, or an affidavit of a person acting in his place, of the *service of a summons*, is not conclusive upon the defendant. He may be allowed to disprove it on a *motion* to set the proceedings aside.

It is not necessary, and in many cases would be unjust, to drive the defendant to an action for a false return, for redress.

*Albany General Term, Sept.* 1852. *Present, Justices* Parker, Harris and Wright. This was an appeal from an order made at special term by Justice Wright, denying a motion to set aside the service of the summons and subsequent proceedings. On the 10th June 1852, judgment was perfected in this action on the affidavit of Ezra Yager, stating that on the 9th April 1852, he served the summons on the defendant by delivering a copy to

Van Rensselaer agt. Chadwick.

him personally, and leaving the same with him at the town of Rensselaerville in the county of Albany, and that he knew the person so served to be the person mentioned and described in said summons as the defendant therein. The defendant moved to set aside the summons and all subsequent proceedings on his own affidavit, stating, among other things, that no summons had been served on him in this action by Yager, or any other person, either at the time and place mentioned in the affidavit of Yager, or at any other time and place, and that the first intimation he had of any action being brought against him, was from the sheriff who had the execution for collection.

On the hearing of the motion in July, no further affidavit by Yager being presented in opposition by the plaintiff's counsel, who relied on the affidavit of service accompanying the judgment, the court directed the motion to stand over till the August motion term, to enable the parties to produce further evidence on the question of service of process, and especially to enable Yager to show by further affidavit more particularly the time, place and circumstances attending the same. When the motion again came before the court in August, a further affidavit of the defendant was presented, and also affidavits of three other persons who were with the defendant on the 9th of April 1852, the alleged day of service, in his house, and on his farm where he was at work, showing that no summons was served on the defendant; that they never heard of any such service, or any attempt to serve such process on the defendant. No further or explanatory affidavit was presented on the part of the plaintiff. The judge holding the court denied the motion with $10 costs, on the ground that the affidavit of the person serving the summons was conclusive, and could not be questioned on motion. The defendant appealed from such order to the general term.

T. C. SEARS, *for Defendant.*

C. M. JENKINS, *for Plaintiff.*

By the Court, PARKER, Presiding J.—The evidence before the court shows very satisfactorily that the summons was never served upon the defendant. Yager, who made the affidavit of service, was not a deputy of the sheriff, but a person employed

Van Rensselaer agt. Chadwick.

to serve process in behalf of the plaintiff. The affidavit of service must either be a fiction fraudulently got up by the affiant, for the purpose of deceiving the plaintiff and wronging the defendant, or there has been some mistake on the part of the person making the affidavit. It is possible the summons was served upon some other person of the same name with the defendant, or that some person has personated the defendant. Whatever may be the true explanation, if any, it was certainly in the power of Yager, if he had acted honestly, to state particularly, in a further affidavit, the time of day when the summons was served, who were present at such service, if any were present, and the place in the town where the service was made   The entire absence of such explanation, after the motion had been directed to stand over for such purpose, is strong evidence against the good faith of the transaction.

I can not agree to the proposition that a return of a sheriff or an affidavit of a person acting in his place is conclusive upon the defendant, and can only be questioned in an action for a false return. The plaintiff relies upon the case of Putnam vs. Mann (3 *Wend.* 202). It was there held that a plaintiff, who was a constable, might serve a summons in his own favor issued by a justice of the peace; and that his return could not be impeached in an action of trespass for an arrest under an execution issued on a judgment rendered on the return of such summons: but that if the return was false, the remedy was by action against the constable for a false return. The question decided in that case, and evidently with some hesitation, was, whether trespass or case was the proper action for redress, and the court held the only remedy to be case for the false return. It was there a question between two remedies by action. No motion could have been made in the original action to set aside the proceedings for want of service, a justice of the peace having no power after judgment to entertain such a motion. But no such objection exists in this case. This court has full power over its own process to protect against an improper use of it. Even in cases of mere irregularity, the statute authorizes the setting aside of the judgment on motion within one year after it is rendered.

In all questions relating to the proceedings in the action, the

Van Rensselaer agt. Chadwick.

mode of correction is by motion. The remedy is summary and effective. There is no more objection in this, than in any other case of irregularity, to a determination of a question of fact by affidavit. It sometimes happens that contradictory affidavits by the respective attorneys, are presented to the court on motion, as to the time, or place, or fact, of service of some notice or other paper in the progress of a cause. In all such cases the facts are determined by the court on the affidavits produced. It seems to follow as a necessary consequence, that if an affidavit of service, uncontradicted, is sufficient evidence to the court upon which to enter judgment, the same kind of evidence should be received, on the other side, to impeach or invalidate it. Indeed, the fact of service can be determined in no other manner: it would be inconsistent to say it should be pleaded, or set up in answer, for that practice would compel a waiver of the irregularity by appearance.

To hold the affidavit of service conclusive and drive the defendant to an action, would inflict upon him a grievous, and in many cases remediless, wrong. A judgment obtained without notice, and by a false return, might be so large as to sweep away the whole of a defendant's estate, and the remedy for damage lie only against an irresponsible third person who made the affidavit. With the ample powers of this court over its own process and proceedings, there is surely no reason for such injustice.

I think the order made at special term should be reversed with $10 costs, and the motion granted with costs.