THE M. K. & T. RAILWAY CO. v. G. F. CROWE.

1. RAILROAD CORPORATIONS; *Service of Process.* Service of a summons on a railway company by the sheriff leaving a copy thereof with J. A. W., at the depot of the company, in the county, he being in charge of the depot, and ticket agent of the company, and the railway company having designated no person in said county upon whom summons should be served, is good, without specifying in express terms that the road of the company runs into that county, or that the company transacts its business therein.

2. SURPRISE; *Statements of Judge; Laches of Party.* Statements made by a judge out of court, previous to the commencement of a term, that certain cases will not be tried at the ensuing term, are not judicial determinations, and a party relying upon such statements does so at his own peril.

*Error from Lyon District Court.*

CROWE brought his action against the *Railway Co.* to recover damages for breaking and entering the close of the plaintiff, the N.W.¼ of sec. 14, township 19 south, of range 11 east, in Lyon county, unlawfully, and with force, on the 15th of December 1869, and on divers days and times since that day, and digging up clay, of the value of $100, said clay being and lying on lands not belonging to the defendant, but on said lands of plaintiff. A second cause of action was for breaking and entering into said close of plaintiff and taking and carrying away clay of the value of $100, in which clay said defendant had no interest; and a third cause of action alleged that defendant had, since said 15th of December continually, unlawfully and forcibly broken and entered said close of plaintiff, with persons on foot, and with locomotives and railroad

cars, and broken down, run over, and used and occupied said land, and deprived plaintiff of the use thereof, to his damage $100. The petition further alleged that "said plaintiff is the party injured by the carrying away of said clay as aforesaid, and claims treble the value of the same." The summons was directed to the sheriff of Lyon county, and was returned with the following indorsement of service:

"SHERIFF'S OFFICE, *Lyon County, Kansas:* I received this summons on the 24th day of March 1871, at 10 o'clock A.M., and executed the same in my county by leaving a true and certified copy thereof, with all the indorsements thereon, with John A. Watson, at the depot of the within named defendant, he being in charge of the same, and ticket agent thereof, on the 31st day of March 1871, no person being by said defendant designated in said county upon whom summons can be served, and the chairman of the board of directors or trustees, or other chief officer is not to be found in my county.

"E. H. COATS, *Sheriff of Lyon Co.*"

The *Railway Co.* made default, and at the July Term 1871 said case was called, and at plaintiff's request was tried by the court. The court found for the plaintiff, and assessed his damages at $300, and gave judgment accordingly. Afterward, at the same term of the court, the defendant appeared and filed two motions to set aside the judgment. The second of these motions was supported by the affidavit of defendant's attorney. The facts upon which the motions are grounded, are sufficiently stated in the opinion. The district court overruled both motions, and the *Railway Co.* brings the case here for review.

*Willard Davis*, for plaintiff in error:

1. By § 1 of ch. 123, Laws of 1871, the railroad company is "required to designate a person upon whom process may be served," only in counties "into which its railroad line does run," or in which its business is transacted. The return of the officer must show one or both of these facts to exist, before service can be made as designated in § 3 of said act. The return shows neither of these facts to exist.

The reference in the return to the defendants' "depot," and the person "having charge thereof," and "ticket agent," does not show that Lyon county was one "into which its railroad line does run," nor that its business is transacted in said county. The officer's return is insufficient upon both of these points; and an insufficient return is as no return. Crocker on Sheriffs, § 39; 10 Johns., 338. It not appearing to be a good service under the act referred to, it only remains to examine § 68 of the civil code. By this statute there are three classes of persons upon whom process may be served, in the order following: 1st, The president, chairman of the board of directors, trustees or other chief officers; 2d, Cashier, treasurer, secretary, clerk, or managing agent; 3d, By a copy left at the usual places of business of such corporation. But it is to be observed that before the service can be made as last mentioned, it must appear by the return that service could not be made upon either of the first or second classes in said county.

It does appear by the return that service could not be made upon the "chairman of the board of directors, trustees, or other chief officer," three of the officers only enumerated in the first class, leaving the *president*, and all of the entire second class, for aught that appears, still residing and being in said county. 3 Estee's Pl., 25, § 12.

2. It is also submitted that had the service been good, the second motion was made in time, and should have been sustained, and a new trial granted. The statement of the judge of the court, relative to the business of the court, is such as the attorney has a right to rely *upon*, and a mistake of the court is such that ordinary prudence would not guard against; 28 Cal., 335; 5 S. & M., 449; Walker's U. S., 505; 3 Estee's Pl., 590.

3. The case shows that the court assessed treble damages. We claim that the record does not show a case entitling the plaintiff to recover treble damages. *Wallace v. Finch*, a recent Michigan case; 1 Estee's Pl., 207, § 21; 2 Cal., 103.

*Ruggles & Plumb,* for defendant in error:

1. The return indorsed upon the summons shows a valid service. Laws of 1871, p. 285.

2. As to the "misconduct of plaintiff" and "irregularity in obtaining the judgment," and "fraud on the part of the plaintiff in obtaining the judgment," there is nothing in the record except the motion—and nothing in that showing that any such things existed. As to the "surprise which ordinary prudence could not have guarded against," it is not one of the grounds for vacating a judgment; § 568, code. A statement of a judge off the bench is nothing on which an attorney has a right to rely, for when parties are in court they have rights independent of the judge; and whatever discretion he may exercise is to be a "sound discretion," and can only be exercised in court. The defendants below were in default when the conversation was had with the judge, and if the attorney had been present when the case was tried he could not have offered any defense to plaintiff's action.

The opinion of the court was delivered by

KINGMAN, C. J.: This action was for damages resulting from the alleged trespasses of the plaintiff in error on the premises of defendant in error. The petition prayed for treble damages. The defendant being in default, and a jury having been waived by the plaintiff, the cause was tried by the court, and a judgment rendered for the plaintiff (defendant in error) for $300. Afterward plaintiff in error filed two motions to set aside the judgment. The first motion was on the ground that there had been no legal and valid service of the summons, by any person authorized to serve such summons. The second motion was on three grounds, 1st, Misconduct of the plaintiff; 2d, Surprise, which ordinary prudence could not have guarded against; 3d, Irregularity in obtaining the judgment. Both motions were overruled, and the ruling of the court on these motions are the errors complained of in this court.

I. The return indorsed upon the service shows valid service. Laws of 1871, ch. 123, p. 285. This statute makes a material change in the laws as to service of process on corporations, and so far as it makes such change supersedes the provisions of the general statutes.

II. There is nothing in the record tending to show any misconduct of the plaintiff. The surprise alleged, arose from these facts: Previous to the commencement of the term, the attorney for the Railway Company, which was then in default, asked the judge of that district if this and another case against the Railway Company, would be tried at the next term of the court. The judge answered that they would not. Acting on this answer, the attorney of the company, who lived at a distance from Lyon county, did not attend the court, and made no preparations for a trial. If a statement of a judge out of court is judicial, then an attorney has a right to rely on it, and plead it in any proceeding that may arise. If it is not judicial, then a party may rely upon it, but at his peril. If it is judicial, then the other side has a right to be present, is entitled to notice, and may be allowed to except. It is idle to attempt to show that such statements are judicial. They are like the statements of any one else, and a party trusts them at his peril. If they do not prove correct, then, although the attorney may be surprised, yet he has no reason to complain. The opposing party is not to blame, and is entitled to have his cause heard when it is reached, regardless of what the judge said off the bench. It is supposed the judge thought the case would not be reached. In this he was mistaken. The attorney, relying on his judgment on this point, did not attend, and the court very properly heard the case. The "irregularity" complained of is, that the court assessed treble damages, and that the case is one not authorizing such a judgment. There is no showing whatever that the court did render a judgment for treble damages. The judgment is affirmed.

All the Justices concurring.