The facts are fully stated in the opinion.
McCrary, Circuit Judge.
This case is before the Court on a plea to the jurisdiction, which presents for consideration a question of importance in its application to this case, and probably, to other cases in this district. The facts are agreed upon, and are as follows:
Plaintiff, a citizen of Nebraska, sues the defendant, alleging that it is a citizen of Iowa, to recover damages for personal injuries sustained, as he alleges, at the town of Blair, Nebraska, on the 27th day of March, 1869, through the negligence of defendant in the management of a railroad then possessed and operated by it in Nebraska. The said defendant, the Sioux City and Pacific Railroad Company, was duly organized and incorporated under the laws of Iowa in 1864. Prior to the year 1870 it built a railroad in the State of Iowa, and, also, extended the same into ana built a railroad in the State of Nebraska. On the 21st day September, 1869, the defendant filed a true copy of its original articles of incorporation in the office of the Secretary of State of the State of Nebraska. Defendant still owns and operates said line of railroad in the States of Iowa and Nebraska, and has had from the beginning its principal place of business at Cedar Rapids, Iowa. By an act of the General Assembly of Nebraska, approved February 12, 1869, it is provided, “That any railroad company heretofore organized under the laws of the States of Kansas, Missouri or Iowa, is hereby authorized to extend and build its road into the State of Nebraska; and such railroad companies shall have and possess all the powers, franchises and privileges, and be subject to the same liabilities of railroad companies organized and incorporated under the laws of this State; provided, such non-resident company shall first file a true copy of its articles of incorporation with the Secretary of State, and shall comply with the laws of Nebraska as to filing and recording articles of incorporation, and in all things required by law relating to railroads and otherwise in this State; and such non-resident company shall keep an office in this State, in some county in this State, in which its road is, or is proposed to be; and shall be liable *3 to civil process, to be sued and to sue, as provided by law.” (Gen. Statutes Neb., 1873, p. 203.) By another act of said General Assembly, approved February 14, 1873, it is provided:
“ That any railroad company which has been organized under the laws of the States of Iowa, Kansas or Missouri, and which has heretofore extended its line of road in this State, or built any portion of its line of road in this' State, and has filed a true copy of its original articles of incorporation in the office of the Secretary of State of this State, is, from the time of filing said copy of its original articles of incorporation as aforesaid, hereby declared to be a legal corporation of this State, and entitled to all th.e rights, privileges and franchises of railroad companies organized under and pursuant to the laws of the State of Nebraska.” {Ibid, 206.)
The summons is returned served upon the defendant ‘‘by delivering to, and leaving with Frank Harriman, its managing agent in this State and district, a certified copy of this summons, with all the indorsements thereon; said service was made in Washington county, State and district of Nebraska.” The declaration in this case was filed April 27, 1874, and the summons was served on the 1 ith day of May in the same year.
Upon these facts the following questions arise upon the consideration of the plea to the jurisdiction:
First—Was the defendant a foreign corporation at the time the suit was commenced?
Second—And if so, was the defendant an inhabitant of, or found within the district of Nebraska at the time of the service of process in this case? *
The suit was commenced, and process served in April and May, 1874, at which times both the acts above named were in force—the latest one having been approved February 14, 1873. It is true that only the first of these acts was in force when the accident occurred, which is the foundation of this suit, and inasmuch as I am of the opinion that the first act did not constitute the defendant a Nebraska corporation, it becomes necessary to consider whether it is the statute in force at the time of the accident, or ..that which is in force at the time of the service of process, that is to govern as to the forum. Upon this point I entertain no doubt. All questions of jurisdiction depending upon the citizenship of the parties must be determined by their citizen *4 ship at the time of the commencement of the suit. Conolly et al. v. Taylor et al., 2 Peters, 556.
This brings us to the question, whether, by the last act above quoted (that of February 14, 1873), or by the two acts construed together, the defendant was created a corporation of the State of Nebraska. The fact is conceded that the defendant corporation was organized under the laws of Iowa, and built a railroad in that State, which was extended into and through a portion of the territory of the State of Nebraska, and that it has filed a true copy of the original articles of incorporation in the office of the Secretary of State of the State of Nebraska. The act of February 14, 1873, declares in plain terms that these facts shall constitute the defendant “ a legal corporation of this State, and entitled to all the rights, privileges and franchises of railroad companies organized under, and pursuant to, the laws of the State of Nebraska.” It is entirely competent for the State, by its legislation, to determine the mode of creating corporations within its limits, and, if it sees fit to declare that a foreign corporation may become a corporation of the State, by building a railroad therein, and filing a copy of its articles of incorporation with the Secretary of State, I have no doubt that compliance with these terms constitutes the foreign corporation a domestic corporation, with respect to all its transactions within such State. It follows that the Sioux City and Pacific Railroad Company was a Nebraska corporation from and after the passage of the act of February 14, 1873, and, therefore, was such at the time of the commencement of this suit. Of course, if both plaintiff and defendant were citizens of Nebraska at the time of the commencement of this suit, then this Court has no jurisdiction of the case, and the plea to the jurisdiction must be sustained. But counsel for plaintiff insists that there is a foreign corporation—a citizen of Iowa— whose corporate name is the Sioux City and Pacific Railroad Company; that it is this foreign corporation, and not the domestic corporation of the same name, that is sued; and that plaintiff should be permitted to make out, if he can, a case against the Iowa corporation by proof. His right to do this is clear enough, provided that corporation is in Court, and subject to our jurisdiction. Whether it is in Court or not, depends upon the question, whether, at the time of the commencement of this action, that corporation had an agent in Nebraska engaged in the manage *5 ment of its business upon whom service has been made. If the agent upon whom the service was made was the agent of the Nebraska corporation, it is not sufficient, for although the two corporations may be composed of the same persons, yet they are, in law, for the purposes of suing and being sued, separate and distinct. It is not impossible that the Iowa corporation might have kept an office and agents in Nebraska at the time this suit was commenced, but, upon the proofs adduced upon this hearing, I conclude that the person served was an agent of the Nebraska corporation, and not of the Iowa corporation. At all* events, it has not been shown that he was the agent of the Iowa company in such a sense that service upon him in Nebraska would be a sufficient service upon that company. The act of 1875, defining the jurisdiction of the Circuit Courts (18 Stat., 470), provides, that “No civil suit shall be brought before either of said Courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings,” etc. It has been held that a corporation created by one State may consent to be sued in another, in consideration of its being permitted by law to exercise therein its corporate powers and privileges. Railroad Co. v. Harris, 12 Wall., 65; ex parte Shollenberger, 96 U. S., 369; Knott v. Insurance Co., 2 Woods, 479.
But the legislature of Nebraska, instead of providing that foreign railroad corporations may extend their roads into that State upon condition that they will consent to be sued there, has seen fit to provide that such corporations shall, by extending their lines of railroad into the State, and by filing copies of their articles of incorporation with the Secretary of State, become domestic corporations, with all the powers and franchises of other State corporations. Such corporations therefore being citizens of the State of Nebraska—-corporations of the State— can be sued by citizens of Nebraska only in the State Courts. It may be that plaintiff has a cause of action against the Iowa corporation, but it is not one that can be prosecuted in this Court upon process served upon an agent engaged- in the operation of the extended line of railroad within the State of Nebraska, and not shown to be an agent of the Iowa corporation. It is not pretended that there are two lines of railroad in Ne *6 braska, one of which is operated by the Iowa corporation, and the other by the Nebraska corporation, but, on the contrary, it is conceded that the railroad in Nebraska is simply an extension of the Iowa road, and, upon the admitted facts, without more, we must conclude that the person upon whom service was made was employed in the operation of the line in Nebraska, and as the agent of the Nebraska corporation. The return of the Marshal is not conclusive upon the defendant, and he may disprove it on the hearing of a plea to the jurisdiction. Van Rensalaer v. Chadwick, 7 How. Pr., 297; Litchfield v. Barnwell, 5 id., 341; Wallis v. Lott, 15 id., 567.
If the plaintiff thinks that he can, by further proof, establish the fact that the person upon whom the service was made was the managing agent of the Iowa corporation, we will withhold final judgment until a further hearing can be had; but, if he rests the case upon the proof as it now stands, the plea to the jurisdiction will be sustained.
There is a motion to dismiss the plea to the jurisdiction, upon the ground that it has been waived by the filing of an answer. It appears, that sometime since, the case upon the plea to the jurisdiction, was argued before Judge Dillon, and taken under advisement by him. Pending its consideration, the defendant left an answer with the clerk endorsed, “to be filed subject to the plea to the jurisdiction.” I think it is within the discretion of the Court to hold that the answer has not been filed, within the meaning of the rule invoked by plaintiff’s counsel, and that defendant has not waived the plea to the jurisdiction.
The motion to dismiss the plea is overruled.
Dundy, District Judge, concurs.
At the May term, 1881, the cause came on for further hearing upon the plea to the jurisdiction, and upon further proof adduced in relation thereto, a further opinion was delivered, as follows:
McCrary, Circuit Judge.
The evidence adduced upon the trial of the issue upon the plea in abatement does not show that service in this case was made upon an agent of the Iowa corporation. It is true that the whole line is under one management; that the principal offices are in Iowa, and that the station agent upon whom service was *7 made makes his reports to the general office at Cedar Rapids, Iowa.
E. Wakeley and J. R. Webster, attorneys for plaintiff.
Joy & Wright, attorneys for defendant.
The line through both States is operated by one management, one set of officers, one board of directors, one set of stockholders. This the Legislature of Nebraska is presumed to have known when it enacted the statute declaring that if an Iowa railroad company extends its line into this State and files its articles of incorporation, it “shall be a legal corporation of this State.” Act of February 14, 1873. G. S., p. 206.
The plain effect of this statute is to constitute the Sioux City and Pacific Railroad Company, at least for jurisdictional purposes, a Nebraska corporation, in respect to all its transactions within this State, and the agents of the company conducting its business in Nebraska are the agents of the Nebraska corporation; otherwise, the statute could have no effect whatever. If the officers and agents of this corporation engaged in the transaction of its business in Nebraska are to be regarded as the officers and agents of the Iowa corporation, it follows that the statute has made it a Nebraska corporation in name only, and not in fact, or in law. The same natural persons may constitute two or more distinct corporations. A corporation in Nebraska must exist by virtue of the law of this State, and if that law constitutes the defendant a Nebraska corporation, it matters not that the law of Iowa also constitutes it a corporation of that State.
It is the right of each State in which a corporation transacts business to require it to become a corporation under and by virtue of its own laws. This right having been exercised by the State of Nebraska, in a statute plainly applicable to the defendant, we must hold it a domestic corporation, and not a foreign corporation subject to the jurisdiction of this Court.
Judgment for defendant upon the plea in abatement.