THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. C. H. DEFORD, *as Sheriff of Greenwood County.*

RAILWAY COMPANY—*Summons*—*Valid Service.* The service of a summons against a railway company upon its section foreman, as "a local superintendent of repairs," where it appears that the company has not designated any person or officer upon whom service could be made under the provisions of § 68*a*, of the civil code, is a valid service upon the company.

*Error from Greenwood District Court.*

THE opinion states the case. Judgment for defendant, at the December Term, 1885. The plaintiff *Company* brings the case here.

*John O'Day,* and *E. D. Kenna,* for plaintiff in error.
*D. B. Fuller,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On October 27, 1884, D. K. Collins recovered a judgment against the St. Louis & San Francisco Railway Company for forty-five dollars, as the value of a certain cow, alleged to have belonged to him, and to have been killed by the engine and cars of the company, together with an attorney's fee of fifteen dollars, and the further sum of nineteen dollars as costs. A transcript of the judgment was filed in the office of the clerk of the district court of Elk county, upon which an execution was afterward issued, directed to C. H. DeFord, the sheriff of Greenwood county; whereupon the railway company filed its petition in the district court of Greenwood county, asking that C. H. DeFord be restrained and enjoined from proceeding to collect the judgment, assigning as its reason therefor that the judgment under which the execution issued was void. It was admitted at the hearing of the case that no appearance had ever been entered in the original case; that the railway company had not waived the issuance and service of the summons, and that the only service

which was had upon the company was by a summons being delivered to one of its section foremen in Elk county. The injunction was refused, and a final judgment rendered in favor of .DeFord, from which order and judgment the railway company brings its case here.

The only question presented is, whether the service of the summons upon the section foreman was a valid service upon the railway company. The objection to the service is that the section foreman is not one of the persons or officers designated in § 68c, of the civil code. It was admitted upon the trial that no person had ever been appointed by the railway company in Elk county upon whom process and notices issued against the company might be served under the provisions of § 68a, of the civil code. It was also admitted that the railway ran across the corner of Elk county for the distance of six miles; that the company had no depot or station in the county; that there was no person or officer in the county upon whom service could be made other than the section foreman; that the section foreman was a person in charge of from three to five men; that his duties were to carry out the instructions of the road master with reference to keeping the road-bed and superstructure in repair on a division about six miles in length; that it was the duty of the section foreman and the men under his charge to repair broken rails, or put in a tie, where the same appeared necessary, without being specifically directed so to do by the road master. The trial court held that the service of a summons upon the section foreman was valid, upon the ground that he was a local superintendent of repairs. We perceive no error in this ruling. A superintendent, says Worcester, is "one who superintends; a director; an overseer." A local superintendent of repairs is one whose duties are confined or limited to a particular county, city, town, place, district, or section. Generally, the section foreman carries out the instructions of his division road master as to the district or section under his charge, but he has also authority as overseer to repair the road by putting in new rails or ties, when it is necessary so to do without any specific directions therefor.

He is, therefore, for all purposes, a local superintendent of repairs. It is claimed that by the local superintendent of repairs is meant only persons or officers of a railway company who direct and control certain departments or divisions of its business, like master carpenters, road masters, master mechanics, etc. Yet many of such persons or officers are bound to carry out the instructions of higher officials, with reference to their duties, and for some purposes the section foreman or boss, directs and controls, in a limited way, the repairs over the district or section under his charge.

It is further claimed that if the construction given by the trial court to the statute be sustained, the railway company will be subject to severe hardships, as section foremen's headquarters are often situated at places remote from telegraph stations, post offices, or other places affording them an opportunity of notifying the officer whose duty it is to respond thereto; and that they are often wholly ignorant of the nature and purposes of judicial writs and of the importance of their being forwarded at once to their superior officers. A sufficient answer to this is contained in § 68a, of the civil code, which requires every railway company to designate some person residing in each county through which its road runs, or in which its business is transacted, on whom all process and notices issued by any court of record or justice of the peace of such county may be served. If any railway company does not wish process issued against it to be served upon its section foreman, freight agents, etc., it can relieve itself from having service made in this way, by designating in each county into which its road runs, or it does business, a person upon whom service shall be made, as required by the provisions of said § 68a.

The judgment of the district court will be affirmed.

All the Justices concurring.