NORTON v. ATCHISON, T. & S. F. R. CO.

(Circuit Court, S. D. California. May 7, 1894.)

No. 570.

SERVICE OF PROCESS—FOREIGN RAILROAD COMPANIES.

    A foreign railroad company which runs its trains over the tracks of other companies, forming with it a "system" or "route" into California, and there solicits and obtains freight and passenger business through the general manager of one of the subordinate companies and his assistants, may be legally served by service upon him, as the "managing and business agent" in the state (Code Civ. Proc. Cal. § 411) of such foreign company, although it has never directly designated him as its agent. Stout v. Railroad Co., 8 Fed. 794, distinguished.

This was an action brought in the superior court of San Diego county, Cal., by C. V. Norton, against the Atchison, Topeka & Santa Fe Railroad Company, to recover the value of certain horses killed in course of transportation. Defendant removed the case to this court, and afterwards moved to quash the service of summons.

Works & Works, for plaintiff.

W. J. Hunsaker, for defendant.

ROSS, District Judge. This is a motion by the defendant, appearing specially for the purpose, to quash the service of summons. Defendant is a railroad corporation organized and existing under and by virtue of the laws of the state of Kansas. The plaintiff, a citizen of the state of California, and resident of San Diego county, of that state, brought the action in the superior court of that county to recover the value of certain horses alleged to have been delivered by

plaintiff to the defendant at Hiawatha, in the state of Kansas, to be transported by defendant to Escondido, in San Diego county, Cal., and which, it is alleged, were killed in transit by reason of negligence on the part of the defendant. The record shows that the summons issued in the action was first served on "K. H. Wade, general manager of the Atchison, Topeka & Santa Fe R. R. Co., defendant named therein." The defendant having failed to appear in the action, its default was entered, and a judgment taken against it. Subsequently, on defendant's motion, and upon evidence pro and con, the superior court set aside the judgment and default, and quashed the service of summons; and on appeal by the plaintiff to the supreme court of the state that action was affirmed. 97 Cal. 389, 30 Pac. 585, and 32 Pac. 452. Thereafter, the summons was served on K. H. Wade, as "managing and business agent of said defendant," a motion to quash which service, made on behalf of the defendant, is now for disposition; the case having, on defendant's motion, been transferred to this court. The motion is based on certain affidavits, the principal one of which is that of Mr. Wade; and, in resisting it, the plaintiff introduced certain documentary evidence, as also certain oral testimony.

The defendant being a Kansas corporation, no jurisdiction over it in an action for damages can be obtained in this state, unless it has some representative here upon whom process may be legally served. It is not claimed that the defendant has complied with the provisions of the act of the state of California entitled "An act in relation to foreign corporations," approved April 1, 1872 (St. 1871–72, 826), by the first section of which it is provided that every corporation theretofore created by the laws of any other state, and doing business in this state, shall, within 120 days after the passage of the act, and any corporation thereafter created and doing business in this state shall, within 60 days from the time of commencing to do business in this state, designate some person residing in the county in which the principal place of business of the corporation in this state is, upon whom process issued by authority or under any law of the state may be served, and within the time aforesaid shall file such designation in the office of the secretary of state, upon whom it shall be lawful to serve any process issued as aforesaid. The second section of that act prescribes, as the penalty for failure to make the designation required, a denial of the benefit of the statutes of California limiting the time for the commencement of civil actions; and its third section declares that every corporation created by the laws of any other state, which shall comply with the provisions of its first section, shall be entitled to the benefit of the statutes of California limiting the time for the commencement of civil actions. By section 411 of the Code of Civil Procedure of California it is provided that summons must be served by delivering a copy thereof as follows:

"* * * (2) If the suit is against a foreign corporation, or a non-resident joint stock company or association doing business and having a managing or business agent, cashier, or secretary within this state: to such agent, cashier or secretary * * *."

On the part of the plaintiff, it is contended that Mr. Wade is the "managing and business agent of the defendant" in this state. If so, the service in question is obviously valid.

Corporations necessarily act through agents, and, if the defendant does business in this state at all, it necessarily does it through some agent or agents. Of course, if the Atchison, Topeka & Santa Fe Railroad Company does not do any business in California, there is an end to the question, and the motion to quash the summons must be granted. But the evidence submitted on the motion shows, what is also a matter of common knowledge, that that company does a large passenger and freight traffic in southern California. One of the advertising folders that was shown by the witness Hines to have been issued by the defendant company expressly declares:

"The California line of the Santa Fe is composed of the following roads: Atchison, Topeka & Santa Fe Railroad, Chicago to Albuquerque; Atlantic & Pacific Railroad, Albuquerque to Barstow and Mojave; and Southern California Railway, Barstow to destination. Connection 's made at Mojave with Southern Pacific Company for San Francisco; and the St. Louis & San Francisco Railway, St. Louis to Burrton, forms the connecting link from St. Louis. All of the above, except the Southern Pacific Company, belong to what is known as the 'Santa Fe System.'"

In this, as in other folders and advertisements introduced in evidence, the defendant solicits business for the Santa Fe Route, which includes, as the defendant itself states, the Southern California Railway Company, whose road extends from Barstow to various southern California points, including Los Angeles and San Diego. Of this last-mentioned road, the evidence shows, Mr. Wade is the general manager, and Mr. Thompson and Mr. Hines the general passenger and freight agents, respectively. It is undoubtedly true that none of them are officers of the defendant Atchison, Topeka & Santa Fe Railroad Company; but whether they can be legally and justly regarded as agents of that company is to be determined by all the facts and circumstances of the case, and not by the mere fact that none of them have been named as such agent. Both the testimony of Mr. Hines and the affidavit of Mr. Wade corroborate the public declarations of the defendant company that what is known as the "Santa Fe System" or "Route" is composed, together with its connections, of the Atchison, Topeka & Santa Fe Railroad, extending from Chicago to Albuquerque; the Atlantic & Pacific Railroad, extending from Albuquerque to Barstow and Mojave; and the Southern California Railway, extending from Barstow to various southern California points. In the folder issued by the defendant company in November, 1893, and introduced in evidence, in which the defendant solicits business for the "Santa Fe Route," it announces as follows: "The greatest railroad in the world. 9,346 miles of track. The only railroad with its own tracks between Chicago, St. Louis, and California."

The testimony is that the 9,346 miles of track which the defendant advertises as "its own tracks" include the tracks of the Southern California Railway Company, of which company, the evidence shows, the president of the defendant company is also president. The evi-

dence further shows that the defendant sends its own trains through from Chicago to southern California points, in charge of its own employes, along the lines of road of the Atchison, Topeka & Santa Fe Company, Atlantic & Pacific Company, and the Southern California Railway Company, and over the same route through trains are sent from southern California points to Chicago. It shows, further, than the general passenger and freight agents of the Southern California Railway Company, together with their assistants, subject to the supervision and control of Mr. Wade, solicit and handle the traffic for the Santa Fe Route in southern California; and, as that route undeniably includes the defendant company, it seems to me little less than absurd to say that defendant does not do business in southern California. And, if it does transact business here, how else does it conduct it than through those agents who solicit and handle the traffic, all of whom, according to the testimony of Mr. Hines, are subject to the management of Mr. Wade? In view of these facts and circumstances, it seems to me very clear that the latter is the managing agent of the defendant's business in this state, and must be so regarded by the court, notwithstanding the fact that he is not so named, and notwithstanding the further fact that the companies composing the Santa Fe Route are separate and distinct corporations, keeping separate and distinct books of accounts. Nothing was decided by the supreme court of California, on the appeal hereinbefore alluded to, in conflict with these views. That tribunal, in its decision, adhered to its long-established rule that, on a question of fact, it would not interfere with the decision of the trial court, where the evidence is substantially conflicting. It did add that, as there presented, "a clear preponderance of the evidence seems to sustain the decision" of the lower court. But, on the hearing of the motion pending here, material testimony was given which did not there appear. It hardly need be said that in respect to a matter of fact a decision based upon one state of facts has no application where the facts are different.

The case of Stout v. Railroad Co., 8 Fed. 794, relied on by the defendant, is not in point. That case turned upon the statute of Nebraska, where the case arose, which provided that foreign railroad corporations should, by extending their lines of railroad into that state, and by filing copies of their articles of incorporation with the secretary of state, become domestic corporations, with all the powers and franchises of other state corporations. The Sioux City & Pacific Railroad Company, which was an Iowa corporation, extended its line of road into Nebraska, under that statute, and filed a copy of its articles of incorporation with the secretary of state of Nebraska. The court held that it thereby became a Nebraska corporation, in respect to all of its transactions within that state, notwithstanding the fact that the whole line was under one management, that the principal offices were in Iowa, and that the station agent upon whom process was served made his reports to the general office in Iowa. "This the legislature of Nebraska," said the court, "is presumed to have known when it enacted the statute declaring that if an Iowa railroad company extends its line

into this state, and files its articles of incorporation, it 'shall be a legal corporation of the state.' Act Feb. 14, 1873 (Gen. St. 206)." The plain effect of this statute, continued the court, "is to constitute the Sioux City & Pacific Railroad Company, at least for jurisdictional purposes, a Nebraska corporation, in respect to all its transactions within this state, and the agents of the company conducting its business in Nebraska are the agents of the Nebraska corporation; otherwise, the statute could have no effect whatever. If the officers and agents of this corporation engaged in the transaction of its business in Nebraska are to be regarded as the officers and agents of the Iowa corporation, it follows that the statute has made it a Nebraska corporation in name only, and not in fact." The court further said in that case that "it is not impossible that the Iowa corporation might have kept an office and agent in Nebraska at the time this suit was commenced; but, upon the proofs adduced upon this hearing, I conclude that the person served was an agent of the Nebraska corporation, and not of the Iowa corporation. At all events, it has not been shown that he was the agent of the Iowa corporation, in such a sense that service upon him in Nebraska would be a sufficient service upon that company." There is nothing in that case in any way inconsistent with the ruling in the present case.

Motion to quash the service of summons denied.