P. M. HILLARY, Administrator, v. GREAT NORTHERN RAILWAY
COMPANY.[1]

May 11, 1896.

Nos. 9588—(68).

**Writs—Service on Railroad Companies—Ticket Agents.**

*Held,* upon the facts, that the ticket agent at the Union Depot in Minne-
apolis was an "acting ticket agent" of the defendant, within the meaning of
G. S. 1894, § 5202, providing for the service of process in civil actions upon
railroad companies.

Action in the district court for Hennepin county. Defendant
appeared specially, and moved for an order setting aside the serv-
ice of the summons and complaint. From an order, Jamison, J.,
denying its motion, plaintiff appealed. Affirmed.

*W. E. Dodge, B. D. Townsend,* and *C. F. Alderson,* for appellant.
*William Kennedy, Frank H. Morrill,* and *Wilkinson & Traxler,*
for respondent.

MITCHELL, J. The only question in this case is whether the
ticket agent in what is known as the "Union Depot" at Minneapolis
was "an acting ticket agent" of the defendant, within the mean-
ing of G. S. 1894, § 5202, providing for the service of process in
civil actions upon railroad companies.

The facts, as distinguished from mere legal inferences, are prac-
tically undisputed, and are quite fairly and fully stated in the
memorandum of the trial judge. They may be summarized as fol-
lows: The Union Depot is owned and operated by the Minneapolis
Union Railway Company. A number of lines of railway, includ-
ing that of the defendant, use this depot for general depot purposes,
and as a regular station on their respective roads, under contracts
with the Union Railway Company, whereby, for a specified com-
pensation to be paid to it by each of the other railroad companies,
it is to furnish each of them trackage facilities into and through
the Union Depot, transfer its cars, transfer and deliver baggage,
furnish accommodations for passengers arriving or departing, and
also sell tickets for each company; maintaining for that purpose

[1] Reported in 67 N. W. 80.

a ticket office in the depot, where tickets are regularly sold at all hours of the day. The Union Railway Company employs the agents selling tickets at this ticket office, and such agents are responsible, and under bonds, to that company for the faithful performance of their duties. The different railroad companies furnish their tickets to these ticket agents, who report the sales thereof daily to the respective companies, and account to them at regular intervals for the proceeds of such sales. It also appears from the affidavits used on the motion that the defendant, in its folders and otherwise, holds out and represents to the public the ticket office in this depot as one of its ticket offices, and the ticket agent in that office as its ticket agent.

We are of opinion that under these facts the ticket agent in the Union Depot was "an acting ticket agent" of the defendant, within the meaning of the statute. The contention of defendant is that the word "agent" means "an agent in the eye of the law arising from a contract of employment; one responsible to his principal, and subject to be discharged by it,"—and that within this definition the "ticket agent" at this depot is not its agent, but the agent of the Union Railway Company. We do not concur in this view. While the ticket agent is hired by, and under the control of, the Union Railway Company, yet he is performing all the duties of a ticket agent of the defendant, and the defendant is availing itself of his services for that purpose. The word "acting" must have been used in the statute for a purpose, and it seems to us that the essential thing, under the statute, is not the existence of a contract of service, but the actual performance of the duties of ticket agent for the railroad company. As bearing more or less on this question, see Van Dresser v. Oregon R. & N. Co., 48 Fed. 202; Norton v. Atchison, T. & S. F. R. Co., 61 Fed. 618; Union Pac. R. Co. v. Novak, 15 U. S. App. 400, 9 C. C. A. 629, 61 Fed. 573; Georgia S. R. Co. v. Bigelow, 68 Ga. 219; State v. Northwestern E. & L. Assn., 62 Wis. 174, 22 N. W. 135.

We do not wish to be understood as intimating that scalpers or ticket brokers to whom a railroad company may furnish its tickets for sale would be its "acting ticket agents," within the meaning of the statute. The service in this case was made on the assistant ticket agent in the office, while performing its duties during the temporary absence of the head ticket agent, to whom, on his

return, he delivered the copy of the summons. We think this service was regular, and, even if irregular, there was, under the facts, no ground for setting it aside on motion. Union Pac. R. Co. v. Novak, supra.

Order affirmed.