St. Louis Southwestern Railway Company v. Steele.

4-3807

Opinion delivered March 25, 1935.

A. H. Kiskaddon, C. S. Hadley and N. F. Lamb, for appellant.

Hargraves & Johnson and Isgrig & Robinson, for appellee.

McHANEY, J. Appellant was sued by the appellee in the St. Francis Circuit Court for damages for the death of her son, William A. Steele, who received injuries by the operation of a train on March 16, 1934, at Herbert, Arkansas, a station on appellant's railroad near Camden, Arkansas.

Appellant does not own any line of railroad in St. Francis County, but operates trains, both freight and passenger, over the Rock Island lines between Brinkley, Arkansas, and Briark, Arkansas, Forrest City being a station on said line of railroad. Service was had upon J. K. Sales, agent at Forrest City, Arkansas. Appellant filed a motion to quash the service of summons and return of the sheriff thereon, appearing specially for this purpose. It alleged that it was incorporated under the laws of Missouri; that it does not own and has no interest in any railway in St. Francis County and is not the lessee of such a line and has no place of business in said county. That it operates certain trains over the Rock Island lines between Brinkley, through St. Francis County, to Briark in Crittenden County and pays the owner for the privilege of so doing. It alleged that it had no agent in St. Francis County who has to or does report to it; that Sales, the person upon whom the summons was served, is a telegraph operator in the employ of the Rock Island Company, and that the latter company pays his salary; that its trains are operated over the Rock Island tracks in accordance with the latter's time card, and that the movements of its trains are directed and controlled by the

Rock Island Company's train dispatcher in Little Rock; that, if Sales received an order pertaining to appellant's trains, he would deliver same to its crew as he would a like order to Rock Island train crews, but that all service rendered by him was as an employee of the Rock Island Company.

To this motion the affidavit of Sales was attached in support of the allegations of the motion. He was also called and examined as a witness at the hearing. According to his testimony, appellant does no local business in St. Francis County. It receives and delivers no freight or passengers. He sells no Cotton Belt tickets to passengers, but does sell Rock Island tickets that are good on appellant's lines beyond Brinkley. On receipt of the summons, he immediately sent same to the appellant's superintendent in Pine Bluff and reported to Mr. Lamb, appellant's attorney in Jonesboro.

The court overruled the motion to quash service, and this forms the basis of one of the principal grounds of this appeal. Trial on the merits resulted in a verdict and judgment against appellant for $25,000, $20,000 to appellee for loss of contributions and $5,000 for pain and suffering for the benefit of the estate.

It is first contended by appellant that its motion to quash should have been sustained because of the provisions of § 1147, Crawford & Moses' Digest, which provides that service may be had:

"In case of railroad corporations, upon any station agent or upon any person who has control of any of the business of said corporation, either as clerk, agent or otherwise, who, as such agent or clerk has to report to the corporation who employed them."

It is contended that Sales was not an agent within the meaning of that section, and that he did not report to appellant in any way. Section 1172, Crawford & Moses' Digest, provides: "An action against a railroad company * * * for an injury to person or property upon the road * * * may be brought in any county through or into which the road * * * of the defendant upon which the cause of action arose passes."

In *C. R. I. & P. Ry. Co.* v. *Jaber*, 85 Ark. 232, 107 S. W. 1170, this court said, after citing and quoting several sections of the statutes: "Construing these sections together, we think the court was justified in holding that where a railroad corporation, by license or by contract, operates its trains over the tracks of another company, its road passes through the county over which is laid the track of the latter company. In other words, that its road passes through any county where its trains make regular trips, whether over its own track or that of another company, just as a line of mail stages would be said to pass through or into any county where its stages made regular trips."

So here appellant is operating a line of railroad through St. Francis County by the operation of trains over the tracks of the Rock Island Company. The venue was properly laid. As to service upon the agent, we are of the opinion that he was an agent within the contemplation of the statute, because he did perform some service for appellant. He received and delivered dispatches regarding the movements of appellant's trains. He sold tickets that were good over appellant's lines beyond Brinkley. The mere fact that appellant did not pay him directly any portion of his salary, and that his duties required him to make no reports directly to appellant, cannot be of controlling influence. Appellant undoubtedly paid a portion of his salary, indirectly of course, by compensating the Rock Island for the use of its tracks, stations, equipment, and services rendered to it by the latter's agents. Appellant suffered no inconvenience or loss of time by service upon Sales because the record shows he immediately made report to appellant's superintendent and to its general counsel. We therefore hold that the court correctly overruled appellant's motion to quash.

As to the merits of the case, appellant first contends that the court should have directed a verdict in its favor because there was no substantial evidence to support the verdict against it. We cannot agree with this contention. We think there was some substantial evidence in appellee's favor. Appellee was run over, his feet cut

off between the ankles and the knees and he received other severe and deathly injuries from which he died a few minutes thereafter, perhaps not exceeding thirty minutes. He was a brakeman and was killed while engaged in switching a bad order car from the passing track to a siding in the night time. We think it would serve no useful purpose to detail the evidence as to just how he was run over and killed as two witnesses testified that they saw him throw the switch and did not see him give any signal to the engineer to back up, but saw the light from his lantern disappear. We think there was substantial evidence to show that the engineer backed up, struck Steele and ran over him without waiting for a signal to back up.

We are, however, of the opinion that the verdict and judgment in favor of appellee for loss of contributions to her are excessive. The proof shows that she is sixty-five years of age, in poor health, but had an expectancy of eleven years. It also shows that her son, the deceased, had made certain contributions to her during his lifetime to the extent at times of $125 per month. It also shows that the deceased had been out of employment for some time and was running extra on the night of his injuries and death. Assuming, however, that he would have continued to contribute to her during the period of her expectancy at the rate of $125 per month or $1,500 per year, the present value of such a sum discounted at 6 per cent. is approximately $10,000. The present value of an annuity of $100 per month or $1,200 per year for the period of her expectancy discounted at 6 per cent. amounts approximately to $8,000. We are of the opinion that $10,000 is the maximum amount that can be sustained under the evidence in this case for loss of contributions. As to the judgment of $5,000 for conscious pain and suffering, we are unwilling to say that such judgment is grossly excessive. The two witnesses who found Mr. Steele stated that he was alive, was groaning and begging for help. While we are of the opinion that the estate is amply compensated for such suffering, we are unwilling to substitute our judgment for that of the jury's in this regard.

The judgment will be modified in accordance with the above, and, as modified, will be affirmed.