### KUNZ v. LOWDEN et al.
### No. 2249.

Circuit Court of Appeals, Tenth Circuit.
Jan. 2, 1942.

Benjamin F. Endres, of Leavenworth, Kan. (Nile L. Vermillion and Lewis F. Randolph, both of St. Joseph, Mo., on the brief), for appellant.

J. E. DuMars, of Topeka, Kan. (Clayton M. Davis, of Topeka, Kan., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Plaintiff, Alfred Kunz, sued Frank O. Lowden, James E. Gorman, and Joseph B. Fleming, as trustees of the Chicago, Rock Island & Pacific Railway Company, a corporation, in the District Court of Leavenworth County, Kansas. Summons was issued out of the court directed to the Sheriff of the county. His return shows that he served defendant by: "* * * delivering a true and certified copy of this Summons to the within named defendants Frank O. Lowden, James E. Gorman and Joseph B. Fleming, trustees of the estate of the Chicago Rock Island Railway Company, a corporation by delivering a true and certified copy of this Summons to Mr. Oscar M. Robertson, personally, he being an agent to sell tickets for Frank O. Lowden, James E. Gorman and Jospeh B. Fleming, trustees of the Estate of the Chicago Rock Island Railway Company, a corporation, he being the highest official for Frank O. Lowden, James E. Gorman and Joseph B. Fleming, trustees of the Estate of the Chicago Rock Island Railway Company, a corporation, that I could find in my County of Leavenworth, on the 7th day of September, A. D. 1939, and I served the within named defendant The Chicago Rock Island Railway Company, by delivering a true and certified copy of this Summons to Mr. Oscar M. Robertson, personally, he being an agent to sell tickets for The Chicago Rock Island Railway Company, and he being the highest official of the Chicago Rock Island Railway Company that I could find in my County of Leavenworth on the 7th day of September, A. D. 1939."

Thereafter the action was removed by defendant to the District Court of the United States for the District of Kansas. Defendant moved to quash the summons and return thereof for the reason that service was not had on it. The court sustained the motion and ordered the summons quashed. Defendant then filed a motion to dismiss on the ground that the United States District Court lacked jurisdiction to try the cause. The motion was sustained and plaintiff has appealed.

On removal of a cause from a state court to a federal court, the latter assumes no independent jurisdiction of the subject matter or of the parties. It has jurisdiction only if the court from which the cause was removed had jurisdiction. Lambert Run Coal Co. v. Baltimore & Ohio Ry. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671. In the court below, defendant urged as grounds in support of its motion of dismissal that it did not operate a railroad in Leavenworth County and that there was no one present in the county upon whom service could be had that would bind the defendant. Defendant has abandoned the first contention, as well it might, and relies solely upon the latter ground to sustain the judgment of the court below.

Sec. 60-506 of the General Statutes of Kansas, 1935, provides that: "Any action, prosecution or proceeding against a railway corporation, for any liability, penalty or forfeiture, may be brought in any county into or through which such railway runs."

Sec. 60-2519 requires a railway company to designate some person residing in each county into which its railroad lines run or in which its business is transacted on whom all process from any officer of such county may be served. No designation was made under this section by defendant, in Leavenworth County. Sec. 60-2520 provides that if a railway company fails to designate such person, "such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets or station keeper of such company or corporation in such county, or such process may be served by leaving a copy thereof at any depot or station of such company or corporation in such county, with some person in charge thereof and in the employ of such company or corporation, and such service shall be held and deemed complete and effectual."

The defendant operates its trains through Leavenworth County over the tracks of the Union Pacific Railway Company under a contract which prohibits it from doing any business in the county. It neither receives nor discharges passengers or freight within the county. There is in Leavenworth County a corporation known as the Leavenworth Depot and Railroad Company. Presumably its stock is owned by the railroad companies. Defendant is a stockholder in the corporation. The Leavenworth Depot and Railroad Company maintains a depot and an agent who sells tickets over the lines of various railway companies. He sells tickets over connecting lines and over defendant's lines to any point where defendant's lines run, and remits the proceeds from such sales direct to defendant. Robertson, who was served, was the one at the depot who sold the tickets. Defendant, however, contends that he was employed by the Leavenworth Depot and Railroad Company; that he received his pay from it and none from the defendant; and was therefore the agent of that company and not the agent of the defendant.

Defendant places great stress upon the preposition "of" in the phrase "agent to sell tickets or station keeper *of the company.*" It argues that he is not of the defendant company but is of the Leavenworth Depot and Railroad Company. Whether he is "of" or "for" the company is of no significance. "Agency" is a comprehensive term. It embraces an almost limitless number of relations between two or more persons or entities. It has been defined as "a relation between two or more persons, by which one party, usually called the agent or attorney, is authorized to do certain acts for, or in relation to the rights or property of, the other, who is denominated the principal, constituent, or employer. Prof. Joel Parker, M.S. Lect. 1851." 2 Bouv.Law Dict., Rawle's 3d Rev. p. 2687. The relationship may be expressly created, arise by inference from the relation of the parties without proof of any express agreement, or it may be created by law. Whether one is the agent of another for a specific purpose depends upon whether he has power to act with reference to the subject matter. Missouri, K. & T. Ry. Co. v. Belcher, 88 Tex. 549, 32 S.W. 518. Nor need there be evidence of "authority" to act if the party performs duties or creates benefits of which the other avails itself. Slaughter v. Canadian

Pacific Ry. Co., 106 Minn. 263, 119 N.W. 398.

The Kansas Supreme Court has never decided the precise question we have here. However, it has placed a rather liberal construction on the statute in regard to who will fulfill the statutory requirement of one upon whom service may be made. See St. Louis & S. F. Ry. Co. v. De Ford, 38 Kan. 299, 16 P. 442.

The same question arising on analogous factual situations and with similar statutory provision involved has been before a number of courts, and with the exception of Barnard v. Springfield & N. E. Traction Co., 274 Ill. 148, 113 N.E. 89, L.R.A.1916F, 451, they have all upheld similar service. See Hillary v. Great Northern Ry. Co., 64 Minn. 361, 67 N.W. 80, 32 L.R.A. 448; Slaughter v. Canadian Pac. Ry. Co., supra; Bell Jones Co. v. Erie R. Co., 168 Iowa 96, 150 N.W. 7; St. Louis S. W. Ry. Co. v. Steele, 190 Ark. 662, 80 S.W.2d 623; Union Pacific Ry. Co. v. Novak, 9 Cir., 61 F. 573, 578, 579; Huckabee v. Pullman Co., D.C. Ga., 8 F.2d 43.

In Union Pacific Ry. Co. v. Novak, supra; St. Louis S. W. Ry. Co. v. Steele, supra, and Huckabee v. Pullman Co., supra, it was held that the fact that the defendant company paid no part of the ticket agent's salary was immaterial.

A corporation can act only through agents. All of its lawful functions are carried on by agents. It is only in this way that it can function. In all of its stations on its railroad where tickets are sold they are sold through persons called ticket agents. How otherwise than through an agent could it sell its tickets in Leavenworth County? It must have transmitted these tickets to the depot at Leavenworh for the purpose of sale, and whether it sent them to the Leavenworth Depot and Railway Company or to Robertson is immaterial, because it is admitted that Robertson does sell these tickets and such sales must be for the defendant because no one else has any interest in them. He accounts to the defendant for the proceeds, transmits the money received from the sale of the tickets direct to it without making an accounting to anyone else; and for this purpose he is the agent of the defendant, notwithstanding that his salary may be paid by someone else. The defendant company availed itself of his services as the medium through which it sold its tickets in Leavenworth County and it may not be heard to say that he is not the agent there to sell tickets for it.

Our conclusion is that the state district court of Leavenworth County acquired jurisdiction of the defendant by service on Robertson. It therefore follows that on removal the United States District Court for the District of Kansas acquired jurisdiction, both of the subject matter and of the parties defendant, and that it was error for the court to dismiss plaintiff's cause of action.

The judgment of the trial court is therefore reversed and the cause is remanded, with directions to reinstate plaintiff's petition and proceed in conformity with the views expressed herein.