No. 40,516

Ralph D. Kinsch, *Appellant,* v. Missouri-Kansas-Texas Railroad Company, a Corporation, *Appellee.*

(310 P. 2d 903)

Opinion filed May 11, 1957.

*Thomas E. Joyce,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, Albert M. Ross,* all

of Kansas City, and *Howard M. Metzenbaum, Elmer I. Schwartz,* and *Robert Disbro,* all of Cleveland, Ohio, were with him on the briefs for the appellant.

*Herman W. Smith, Jr.,* of Parsons, argued the cause, and *Lloyd W. Jones, Elmer W. Columbia,* and *John B. Markham,* all of Parsons, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court sustaining appellee's motion to quash the service of summons.

Summons was issued out of the district court of Labette county, sitting at Parsons, in a damage action for personal injuries. The pertinent part of the return of the sheriff of that county is as follows:

"Received this Summons on the 25 day of Jan 1956 at 1 o'clock P. M. and served same on 27th day of Jan 1956 by delivering a true copy thereof, with the endorsements .thereon duly certified, to within named defendant . . . as follows in said county: Served in person on O. L. Crain & Missouri-Kansas-Texas Railroad Company, a Corporation. . . ."

This summons return was originally dated on the 26th of January, 1956, but because O. L. Crain was out of town, as the sheriff's affidavit showed, that date was erased and the following date, January 27th, was inserted when the sheriff was able to find O. L. Crain in his office, which had the word "Superintendent" printed on the door.

On January 27, 1956, the sheriff's return was filed and, it was therein stated that he received the summons on January 25, 1956, and served it on the named defendant by delivering it to O. L. Crain personally since he was the chief officer, superintendent, and person in charge of the corporation's offices in Parsons, Labette county; he certified he had been unable to find any other officer of the corporation in Labette county; he further certified that no certificate of appointment had been filed in the office of the clerk of the district court designating any person residing in Labette county on whom process and notice issued by any court of record could be served and that the company had never designated any person residing in Labette county on whom service of summons could be had.

Appellee filed its special appearance and moved to quash the service, which was heard by the trial court.

Testimony was introduced by a number of affidavits. The first was that of O. L. Crain to the effect that he was not the chief officer of appellee or the person having charge of the officers, or offices, of appellee in Parsons and there was no such chief officer in Parsons. Next was the affidavit of Lloyd W. Jones which showed he was

resident agent of appellee in charge of its registered office at Room 211 of appellee's station building at Parsons and that the proper instruments so indicating had been filed and recorded in the office of the secretary of state and the register of deeds office of Labette county under G. S. 1949, 17-4406; 60-2518. Other documentary evidence was introduced to verify the matters above set out.

It is not controverted that the name of the resident agent, for the purpose of service, was never filed in the office of the clerk of the district court of Labette county, as required by G. S. 1949, 60-2519.

Another affidavit was that of Helen L. Watkins, who listened on an extension telephone to a conversation between appellant's attorney and Lloyd W. Jones, attorney and purported resident agent for appellee, wherein appellant's attorney asked Jones who appellee's resident agent was, since there was no record in regard thereto filed in the office of the clerk of the district court. Jones' answer, somewhat vague, was that he assumed O. L. Crain, the superintendent, would be appellee's highest officer in Labette county.

In reply to Helen L. Watkins' affidavit, Lloyd W. Jones made an affidavit in which he admitted the telephone conversation but controverted the portion where it was said he told appellant's attorney that O. L. Crain was appellee's highest officer. He stated instead that appellant's attorney had assumed this fact and Jones did not deem it necessary to correct the erroneous presumption or conclusion.

O. L. Crain was called by appellant for cross-examination. His testimony showed that he was superintendent in the operating department of appellee, which was for the movement of trains; Crain was in charge of the depot, two claim departments, the legal department, the land and tax department, and the traffic department; he was directly under the vice-president and chief operating office in Dallas, Texas; his name appeared as superintendent on the stationery; he had no superior in Labette county.

Appellee then examined Crain and solicited answers to the effect that Crain did *not* have control over the mechanical, traffic, track, accounting, general claim or freight claim, land-tax, and legal departments; he was not appellee's chief officer, cashier, treasurer, secretary, clerk, repair superintendent, freight agent, ticket seller, or stationkeeper—only part of which were under control of the Parsons offices.

On further examination Crain testified that his activities extended

over Oklahoma, Kansas, and Missouri and everything north of the Red River.

Crain's business card, introduced in evidence, read as follows:

"(M-K-T)
"(emblem)

"O. L. Crain

"Superintendent                              Parsons, Kansas
"Missouri-Kansas-Texas Lines"

In view of this record, the trial court sustained appellee's motion to quash the service of summons and appellant appeals therefrom.

Appellee supplements the record by showing that the sheriff's summons return contained in the fees schedule the following:

"Service and returns, first person...................... $.50
"Additional persons Second Return.................... $.75
"Mileage ......................................... $ ..

"Total Fees ................................... $1.25"

Appellee claims this furnishes impetus to a contention that the return was not served on a day certain.

Since the trial court did not pinpoint any reason for its ruling in sustaining the motion to quash the service of summons on the special appearance of appellee, we must consider all issues raised by the parties.

The first question is whether the summons showed a return made by the sheriff on a day certain. We have examined the authorities cited and find them of little help. This record shows there were two documents executed by the officer respecting the service of summons and they were apparently filed at the same time in the office of the clerk of the district court by which office they were marked filed on January 27, 1956. The test seems to be whether the return provides sufficient evidence to give the court jurisdiction.

Generally speaking, the purpose of an officer's return is to show that the command of a summons has been complied with. The return is merely evidence that the defendant has been notified to appear in court. The writing, or part of a writing, to which the officer signs his name when he returns the writ constitutes the return. (72 C. J. S., Process, § 90, p. 1128.) Appellee was notified that it had been sued and to appear in court so far as the writings which were signed by the sheriff are concerned and the court had jurisdiction of this phase of the case, but our inquiry does not end here.

The return day of the summons was on or before February 3,

1956, so that the sheriff still had approximately six days to make his return after January 27, 1956. The summons further provided that the answer date was February 23, 1956, so it is plain to be seen that defendant could not have been prejudiced in having its answer time cut down. It has been held by this court that a defendant could not be heard to complain where a summons had been served much nearer to the return day than the one here involved. (*Clough v. McDonald*, 18 Kan. 114; *Lanoue v. McKinnon*, 19 Kan. 408, 411; *Swerdsfeger v. State*, 21 Kan. 475.) The appellee, if otherwise properly served with summons, could not be impressive with a complaint on this score.

The next issue to which our attention is directed is whether Crain was a proper agent of the company to be served with summons. Generally, the agent served must represent the railroad with respect to the business which it does within the state where the action is commenced and such agent's character and rank must be of the caliber to afford reasonable assurance that he will inform his company that process has been served on him. (74 C. J. S., Railroads, § 26 [c.] [3], p. 393.) A return of a similar character to that which we have here was entirely lacking in the authorities cited by appellee in support of its theory of the insufficiency of the service because the person served lacked capacity to receive such service. Representative of those cases are *U. P. Rly. Co. v. Pillsbury*, 29 Kan. 652, and *Dickerson v. B. & M. R. Rld. Co.*, 43 Kan. 702, 703, 23 Pac. 936, in which service was made upon certain named individuals only as *agent* of the railroad company. This is no sufficient evidence of service on the railroad company. With this apparent difference between those cases and ours, we think it unnecessary to discuss them further.

Appellee dwells at length on cases, and an argument supported thereby, that an amendment to the return herein was not proper. We have no quarrel with those authorities but do not think they are applicable here. There were no such amendments attempted here as were set out in those authorities and they therefore presented entirely different situations.

Under the statutes already mentioned provision is made for service of process upon a railroad company and where no process agent has been designated, service has been held to be good on a named person when he is in charge of a depot or is a ticket agent of the company (*M. K. & T. Railway Co. v. Crowe*, 9 Kan. 496) and

again when he is a section foreman where the court considered him to be a superintendent of repairs in a county where the railroad traversed diagonally across a small corner of the county. (*St. L. & S. F. Rly. Co. v. DeFord, Sheriff*, 38 Kan. 299, 300, 16 Pac. 442.)

In *Dowell v. Railway Co.*, 83 Kan. 562, 112 Pac. 136, where a notice was required to be served on the railroad company, at page 573 we find an interesting discussion concerning the necessity of service upon a designated process agent and it is stated that service upon a local superintendent or other agents is unavailing unless it is made to appear that no such process agent has been designated. The alternative of leaving the process with the agent in charge of a station or depot is then discussed. The court there held that where a record is silent as to designation of a process agent, a notice served in due time on an agent of a railway company in charge of a railway station is compliance with the alternative provision of the statute (G. S. 1949, 60-2520) and such service is good.

We think there can be only one conclusion in this case and it is that the record shows a total failure on the part of the railroad company to file its designation of a process agent in the office of the clerk of the district court as required by statute. Thus it cannot now contend that notice of its designation of a process agent was given to the appellant, or anyone else, in the manner prescribed by law. The record shows Crain, as superintendent, was a proper agent to afford reasonable assurance that he would inform the railroad company that the process had been served upon him.

Other points were raised in the record but we can see no good purpose to be served by burdening this opinion therewith. Likewise, other cases were cited by both parties but a review of them here would be superfluous because they are either different or are quite distinguishable from the situation now before us.

Appellee stresses the fact that special attention should be given to the ruling of the trial court, and we recognize that we have said this many times in the past, but a ruling of a trial court cannot be considered as conclusive because it is this court's prerogative to determine the law of a case wherein an appeal is perfected.

The order entered by the trial court sustaining the motion to quash the service of summons was not proper and it should be reversed.

It is so ordered.