# SUPREME COURT

GEORGE WALLIS and ALFRED WALLIS agt. ENGLEBERT LOTT, Late Sheriff.

A pretended service of process on a defendant may be disproved by affidavit upon motion. (*See to the same effect, Van Rensselaer agt. Chadwick,* 7 *How.* 297.)

In this case it was clearly proved that the summons was not served on the defendant, on the day stated in the affidavit of service inserted in the judgment roll. The judgment would therefore have been set aside for irregularity, had it not appeared on the part of the plaintiff, that the defendant had admitted that he received the summons the next day, which was more than twenty days before the judgment was entered.

MOTION to set aside judgment, for irregularity.

J. L. CAMPBELL, *for defendant.*

L. HURST, *for plaintiff.*

BIRDSEYE, Justice. There is no question in this case, about the impeachment of a sheriff's return to a *capias,* which is matter of record, and for that reason not to be impeached. And since the case of *Van Rensselaer* agt. *Chadwick,* (7 *How.* 297,) there can be no doubt that the fact of a pretended service of the process on the defendant, may be disproved by affidavit, upon motion. The fact is clearly established in this case, that the summons was not served on the defendant by Jacobson, on the 20th of October, 1856, as is stated in the affidavit of service inserted in the judgment roll. The judgment would therefore be set aside, did it not appear on the part of the plaintiffs, that the defendant had admitted that De Mott handed the summons to the defendant, the next day after it was, by mistake, served on De Mott; that the defendant so received it more than twenty days before the judgment was entered up; that he consulted counsel, as to the fact whether such a service was sufficient. This, together with the

very considerable delay there was in making the motion, after the filing of the judgment roll, induce me to deny the present motion, though without costs and without prejudice to a renewal of the motion upon the merits.