## FRIEZEN *v.* ALLEMANIA FIRE INS. CO.

*(Circuit Court, W. D. Wisconsin*   May 13, 1886.)*

1. CORPORATIONS—FOREIGN—ACTIONS AGAINST—PLEADING.

    Rev. St. Wis. § 2637, subd. 11, provides that service of process "can be made upon a foreign corporation only, either when it has property within the state, or the cause of action exists in favor of a resident of the state." *Held,* in an action brought in that state, against such a corporation, it is not necessary that the existence of some one of these facts should be alleged in the petition to give the court jurisdiction, and the failure to make such allegation does not render the petition demurrable.

2. APPEARANCE—GENERAL—EFFECT OF—TRANSITORY ACTION.

    Where an action which is transitory, and of which any court in which it was brought would acquire jurisdiction of the subject-matter, is instituted in a court of general jurisdiction, and the defendant enters his general appearance, and files a demurrer to the petition, he cannot afterwards object that the court has no jurisdiction of his person on account of defective service of process.

3. REMOVAL OF CAUSES—OBJECTION TO JURISDICTION—WANT OF SERVICE.

    Where the defendant in an action brought in the state court has been properly served with process, and he afterwards removes the case to the federal court under the provisions of the removal act of March 3, 1875, he cannot object that the federal court has no jurisdiction of his person because he has not been served with process in the federal district to which the suit has been removed, although service in that district would have been necessary had the suit originally been brought there.

At Law.    Motion to strike out demurrer as frivolous.

*H. W. Chynoweth*, for plaintiff.
*Stevens & Morris*, for defendant.

BUNN, J. This action was begun by the plaintiff in the circuit court of Dane county, Wisconsin, upon a policy of fire insurance upon property belonging to the plaintiff, situate at Glyndon, in the state of Minnesota, against the defendant, a corporation organized and existing under the laws of Pennsylvania, and a citizen of that state. The complaint sets forth a loss of the property by fire, and claims judgment for $1,200, the amount of the insurance.

The summons and complaint were served by the sheriff of Milwaukee county upon A. B. Myers, the defendant's agent doing business as such at the city of Milwaukee, on February 24, 1886. The defendant thereafter, on the second of March, by its attorneys, Stevens & Morris, served a general notice of appearance in the action, and afterwards put in a demurrer to the complaint on several grounds: (1) That the court has no jurisdiction either of the person of the defendant or the subject of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. After the putting in of this demurrer the defendant took the necessary steps to remove the cause into this court, obtained a removal, and had the cause docketed here. The plaintiff now moves to strike out the demurrer as frivolous.

The defendant's counsel make no point against the complaint under the second cause of demurrer, that no cause of action is stated, but urge the one going to the jurisdiction of the court, and insist that neither the state court nor this court gets any jurisdiction in the case because of the statute prescribing the method of service upon foreign corporations. Chapter 120, Rev. St. Wis. § 2637, provides the method of service upon corporations, both domestic and foreign. Subdivision 9 provides for the method of service upon insurance corporations not organized under the laws of Wisconsin. Subdivision 11 provides for service upon any other foreign corporation. And then, in the same subdivision, comes this provision: "But such service can be made upon a foreign corporation only either when it has property within the state, or the cause of action arose therein, or the cause of action exists in favor of a resident of the state."

Defendant's counsel urge that under this provision the state court got no jurisdiction either of the person of the defendant or the subject-matter of the suit, because, the cause of action arising in Minnesota, it does not appear on the face of the complaint either that the plaintiff is a resident of Wisconsin, or that the defendant has property within this state. But the true answer to this plea is: *First*, these facts constitute no part of the plaintiff's cause of action, and are not necessary to give the court jurisdiction of the subject-matter of the action, and therefore the omission to set them out in the complaint does not render it demurrable; and, *second*, allowing the service to have been insufficient to give the court jurisdiction of the person of the defendant, a general appearance in the action waived the defective service, and subjected the de-

fendant to the jurisdiction of the court. If the defendant wished to object to the sufficiency of the service, his proper course was to enter a special appearance for that purpose, and move to have the suit dismissed. But counsel seem to assume that there is a question of jurisdiction arising in the case that is not and cannot be waived by a general appearance, putting in a general demurrer, and taking steps to remove the cause from the state to the federal court. But there is clearly no ground for such an objection to the jurisdiction of the court, either the state court or this court. The action is transitory in its character, and may be brought in any court of general original jurisdiction in matters at common law when proper service can be had upon the defendant.

It will frequently happen that there is a practical difficulty in getting service upon a foreign corporation so as to subject it to the jurisdiction of the court; but, allowing proper service, there can be no doubt about the jurisdiction of the state court in a case of this kind, supposing the plaintiff to be a citizen of Minnesota, as the defendant alleges in its affidavit for removal. The circuit court of Dane county is a court of general original jurisdiction in matters arising at law or in equity, without regard to the residence or citizenship of the parties. In local actions it would not have jurisdiction, unless the subject of the action were situate within the state. But in transitory actions which follow the person, and may be brought in any state where the parties happen to be, and where proper service can be had, or property of the defendant found, the court has unrestricted jurisdiction of the subject-matter. In such cases the difficulty, if any exists, will generally relate to the question of proper service; and I think that is the only question that could have been raised here. If the defendant could have shown by affidavit that the plaintiff was a citizen of Minnesota, and that the defendant had no property in this state, he probably could have got the case dismissed on motion by appearing specially for that purpose; it appearing by the complaint that the cause of action did not arise in this state. But by entering a general appearance, and putting in a general demurrer, the defendant waived any defect in the service, and by proceeding to remove the case to this court it submits itself to the jurisdiction of the court in a case standing as this does.

There can be no question that this court has jurisdiction of the action. It presents a controversy between citizens of different states, within the provision of the act of congress of March 3, 1875. As an original action, it could not have been brought in this court, and service made in Milwaukee, which is in another district. But no question of the suit being in the proper district can be made now, after the defendant itself has brought the case here by removal, as in so doing it submits itself, so far as any question of jurisdiction over the person is concerned, to the jurisdiction of this court. See *Johnston* v. *Trade Ins. Co.*, 132 Mass. 432; *Clay Fire Ins. Co.* v. *Huron Salt & Lumber Co.*, 31 Mich. 346; *Mohr & Mohr Distilling Co.* v. *Insurance Cos.*, 12 Fed. Rep. 474; *Carstairs* v. *Mechanics' & Traders' Ins. Co.*, 13 Fed. Rep. 823; *Dennick* v. *Railroad Co.*,

103 U. S. 11; *Edwards* v. *Connecticut Mut. Ins. Co.*, 20 Fed. Rep. 452; *Congar* v. *Galena & C. R. Co.*, 17 Wis. 477; *Upper Mississippi Transp. Co.* v. *Whittaker*, 16 Wis. 220.

The demurrer will be stricken out, and the defendant given 20 days' time to answer the complaint, upon condition of waiving service of notice of trial, or accepting short notice of trial, for the term of court to open on the first Monday in June.