### WALL v. CHESAPEAKE & O. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1899.)

#### No. 564.

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS UPON—AGENTS.
    A person employed in Chicago to solicit business and give information on behalf of a foreign railroad company having no property or office within the state, who has no power to make contracts for the company, is not an agent on whom service of process against the company can legally be made under the statutes of Illinois.

2. PROCESS—OBJECTION TO SERVICE—PRACTICE IN FEDERAL COURTS.
    It is proper practice to try the question of the sufficiency of the service of a summons by motion to quash the return, supported by affidavits.

8. FEDERAL COURTS—FOLLOWING STATE PRACTICE—ACT OF CONFORMITY.
    A federal court is not required by the act of conformity (Rev. St. § 914) to follow the state practice of trying the question of the sufficiency of the service of the summons to a jury on a plea in abatement, where such practice is not statutory, but was established by decision of the state supreme court as the proper mode of procedure under the common law.[1]

4. PROCESS—OBJECTIONS TO SERVICE—PRACTICE.
    A foreign corporation, defendant, on a motion to quash the return on the summons on the ground that service was made on a person not authorized by law, is not required to state in its affidavit on whom service may properly be made, or, if there is no one within the district, to state such fact.

    Woods, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Clair E. More, for plaintiff in error.
Joseph Mann, for defendant in error.

---

[1] As to conformity of practice in federal to that of state court, see note to O'Connell v. Reed, 5 C. C. A. 594; note to Griffin v. Wheel Co., 9 C. C. A. 548; and note to Insurance Co. v. Hall, 27 C. C. A. 392.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge.  This action was brought by the plaintiff in error, a citizen of Illinois, in the superior court of Cook county, Ill., as administratrix, to recover damages for an injury resulting in the death of Edward Wall at Cincinnati, Ohio, in 1896. The defendant is a corporation organized under the laws of the state of Virginia, having its principal office at Richmond, in the state of Virginia, and at the time of the accident was engaged in operating its railroad, running from Cincinnati, in the state of Ohio, and Lexington, in the state of Kentucky, to Fortress Monroe, in the state of Virginia, but did not own or operate any railroad in the county of Cook or in the state of Illinois.  The deceased was a cattle shipper employed by Nelson Morris & Co., of Chicago, to accompany live stock from Chicago to Newport News, Va.  The injury occurred on or about the 24th day of May, 1896, in the city of Cincinnati, on the defendant's road, and was occasioned by deceased being struck by one of the street bridges extending over the railroad under which the train had to pass, while he was riding on top of the train.  The summons issued by the superior court of Cook county was returned with an indorsement of service as follows:

"Served this writ on the within-named Chesapeake & Ohio Railway Company, a corporation, by delivering a copy thereof to U. L. Truitt, the Northwestern passenger agent of said corporation, this 12th day of April, 1898.  The president of said corporation not found in my county.
                    "James Pease, Sheriff,
                                "By B. Gilbert, Deputy."

After this return was made, and the declaration filed, the defendant proceeded to remove the case to the United States circuit court for the Northern district of Illinois, and, when so removed, entered its special appearance for the purpose of moving to set aside the return of the summons on the ground that U. L. Truitt, the person on whom it was served, was not the defendant's agent, or a person on whom proper service of the summons could be made.  The motion to set aside was founded upon the affidavits of Ulysses L. Truitt and H. W. Fuller, the general passenger agent of the defendant, setting forth that at the time of the service Truitt was in the employ of the defendant company for the purpose of influencing persons who might be desirous of traveling from Chicago and vicinity to points east of Cincinnati and Lexington to patronize those railway lines leading out of Chicago that made connections with defendant's road at Cincinnati and Lexington; that Truitt had no other connection with the defendant, and had no power or authority from said defendant, either express or implied, to make any contract or rates for transportation over the railway of the defendant, and that his authority was strictly limited to conveying information concerning existing rates as established by the officials of the defendant company, and concerning the connections and time made and facilities possessed by the defendant in and

about its passenger traffic, and had no other authority whatever; that the defendant was a resident of the state of Virginia, having its principal office at Richmond, in that state, and was not operating any railway in said county of Cook, and had no place of business therein. Upon these affidavits (no counter affidavits being filed) the court below, by its order, set aside the service of the summons, to which ruling the plaintiff duly excepted. Thereupon counsel for the plaintiff stated in open court that no further efforts would be made to obtain service upon the defendant in that court, and consented in open court that the action be dismissed out of that court for want of prosecution, and the same was so dismissed for want of service; the plaintiff in open court waiving all errors arising upon that portion of the order of the court subsequent to the order quashing the service of summons. Judgment was thereupon entered for the defendant, and it is to reverse this judgment that the case is brought here by writ of error.

The sufficiency of the service of summons upon Truitt was not an open question in the United States courts of this circuit at the time this action was brought. That question had already been adjudged by this court in Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 9 U. S. App. 212, 4 C. C. A. 403, 54 Fed. 420, where just such a service was held insufficient, and was set aside on motion in the United States circuit court, and the judgment of that court affirmed by this court. Section 4 of the Illinois practice act, as amended by the act of 1877 (3 Starr & C. Ann. St. Ill. 1896, p. 2986), provides that:

"An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought, if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company found in the county."

In Railway Co. v. McDermid, 91 Ill. 170, it was held that this section embraced foreign corporations having property in Illinois, and doing business in the state by local agents, and that such corporations might be brought into court by service of process on such agents. In Railroad Co. v. Crane, 102 Ill. 249, it was held that a railroad company organized under the laws of Missouri, with its office and principal place of business and its tracks in that state, but running trains regularly over the bridge across the Mississippi river at Quincy, Ill., where it had a local agent authorized to make contracts for the transportation of freight and passengers, could be sued in Illinois, and brought into court by the service of process on such local agent. But those cases were held by this court to be widely different from the case then before the court. The defendant in that case had no agent or other representative in Illinois, authorized to bind it by any kind of contract. It had no property or officer, and no office for the transaction of business, in the state. The person on whom service was made was a mere solicitor of business, and not an officer or agent within the meaning of the law.

No contention is made in the case at bar that the decision of this court in Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co. is not decisive upon the question of the sufficiency of the service. Truitt was not an agent of the company on whom service could lawfully be made under the above statute of Illinois. Suppose the president of the defendant company had placed a fee in the hands of a circus rider or traveling salesman going about the country, and told him to turn all the travel he could in the way of his road; this would not make such person an agent of the company, to stand in its place for the purpose of service of process upon the company. But the contention is that the practice adopted to get rid of the service by motion to quash and set aside was irregular and unjustified in law, and that, instead of proceeding by motion, the defendant should have filed a plea in abatement, and had a trial of the question by a jury. This is an important and radical contention, and the ground upon which it is sought to support it is that it is the practice in such cases recognized and established by the supreme court of the state of Illinois. That court first made such a ruling in Railway Co. v. Keep, 22 Ill. 9, and has in numerous decisions since adhered to it, and it is contended that this court should follow the state practice. But this contention cannot be supported, either upon reason or authority. Section 914, Rev. St., provides as follows:

"The practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes in the circuit and district courts, shall conform as near as may be to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

It was held in Nudd v. Burrows, 91 U. S. 426, that the practice act in Illinois, which provided that the court should instruct the jury only as to the law, and that they should, on their retirement, take the written instructions of the court, and return them with their verdict, was not binding upon the federal courts sitting in that state. It was said by the supreme court in that case:

"The purpose of the provision is apparent upon its face. No analysis is necessary to reach it. It was to bring about uniformity in the law of procedure in the federal and state courts of the same locality. It had its origin in the code enactments of many of the states. While in the federal tribunals the common-law pleadings, forms, and practice were adhered to, in the state courts of the same district the simpler forms of the local code prevailed. This involved the necessity on the part of the bar of studying two distinct systems of remedial law, and of practicing according to the wholly dissimilar requirements of both."

In Railroad Co. v. Horst, 93 U. S. 291, this construction was reaffirmed, and it was held that a motion for a new trial is not a mere matter of proceeding or practice in the district and circuit courts, and therefore not within the provision of the act of conformity, and could not be affected by any state law upon the subject. In this case the circuit court had overruled a motion to instruct the jury to find specially upon particular questions of fact involved in the issues, in the event they should find a general ver-

95 F.—26

dict; and the supreme court held that such instruction was right, notwithstanding a statute of the state requiring the court to submit particular questions to the jury when requested to do so. In this case it is said that the conformity is required to be "as near as may be," not "as near as may be possible," or "as near as may be practicable"; that this indefiniteness may have been suggested by a purpose: it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as congress doubtless expected they would do, any subordinate provision in such state statutes which, in the judgment of the court, would unwisely incumber the administration of the law, or tend to defeat the ends of justice, in their tribunals; that, while the act of congress is to a large extent mandatory, it is to some extent only directory and advisory. These cases are reviewed, and the same doctrine reaffirmed, in a subsequent case by the supreme court in Railway Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, where it was held that the provisions of a Texas statute which give a special appearance, made to challenge the court's jurisdiction, the force and effect of a general appearance, so as to confer jurisdiction over the person of the defendant, are not binding upon federal courts sitting in that state, under the above rule of procedure. So, in Beardsley v. Littell, 4 Cent. Law J. 270, Fed. Cas. No. 1,185, Judge Blatchford held that the provision of the New York Code of Procedure for the examination of witnesses before trial did not apply to the federal courts. Furthermore, it was never intended that the provision for uniformity should extend to modes of procedure established by judicial interpretation of the common law, but only to such as are established by the statutes of the several states. The United States courts are supposed to be able to find out for themselves what the common law is, without being bound to follow meekly and without question the decisions of the state courts where they happen to be sitting. Erstein v. Rothschild, 22 Fed. 61; Sanford v. Town of Portsmouth, 2 Flip. 105, Fed. Cas. No. 12,315. In the last-named case, decided in the Eastern district of Michigan by Judge Brown, now one of the justices of the supreme court, it was held that the federal courts were not bound by the decision of the supreme court of a state which held that mandamus was the only proper remedy upon municipal bonds. The court says:

"I think the practice, pleadings, and forms and modes of proceeding in civil causes, mentioned in section 914, are confined to these established by the statutes of the state, and do not include modes of procedure established by judicial construction of common-law remedies. Whenever general principles of law are involved, the federal courts may exercise an independent judgment. By the judiciary act of 1789 (Rev. St. § 721), 'the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States'; but it has never been held, in construing this section, that the judicial decisions of the several states upon questions of general law were obligatory upon the federal courts."

In Erstein v. Rothschild, 22 Fed. 61, it was held by Mr. Justice Matthews that, where a writ of attachment has been issued in a suit instituted in the circuit court of the United States on a defective affidavit, the court may, when right and justice require it, allow such

affidavit to be amended although, under statutes of the state in which the court is held, the state court could have no power to allow such an amendment.

Under these decisions, it is evident that the law vests a reasonable discretion in the federal courts to judge in any given case how far .they will feel bound to follow the practice or decisions of the state courts. There can be no doubt that the rule upon this question of practice prevailing in the Illinois state courts is contrary to the general rule on the subject in this country, as well as in England. There is no more reason for requiring a plea in abatement and a jury trial to test the question of a sufficient service of a summons than there would be to require the same proceeding, including a jury trial, in all cases where now a motion is held to be the proper remedy. The constitutional right to a jury trial obtains whenever there is any question at issue involving the life, liberty, or property of the citizen. But a motion to quash a service of summons, or any other process or order, for insufficiency in the service, involves no such substantial right. The setting aside of service does not affect the writ or the status of the action in court. Another service can be made, and the action proceed. If the original process were exhausted, a new summons could be issued. If the objection were to the writ itself, a plea in abatement would be the proper remedy, the office of which is to give the plaintiff a better writ. 1 Chit. Pl. 446–457. But here the plaintiff still has his writ. The order only sets aside the service, as being unwarranted and insufficient in law. No substantial right is affected by the decision. There are many matters pending in the progress of a case which are daily determined upon motion that are much more important in affecting substantial rights than a motion to set aside an irregular service of process. Take, for instance, the motion for a new trial upon newly-discovered evidence after the plaintiff has recovered a substantial verdict. The court, in its discretion, may set aside the verdict upon a motion. Whether the plaintiff will ever be able to obtain another is uncertain, and yet no one would think of objecting to trying such a question before the court upon motion supported and opposed by affidavits.

The practice in the United States circuit court for this circuit was fairly well established by precedent when this action was begun. So that if the defendant had resorted to a plea in abatement, instead of making a motion, he would have subjected himself to the criticism that he was departing from the usual practice adopted in such cases. In Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., supra, a similar motion was made and heard before Judge Blodgett at the circuit without question as to the propriety of the practice, and an order made quashing the service. Judge Blodgett delivered an opinion, holding the service insufficient, which was affirmed by this court, where no question was made as to the proper practice being by motion. In American Cereal Co. v. Eli Pettijohn Cereal Co., 70 Fed. 276, the same practice was adopted, and the service set aside upon motion; Judge Showalter delivering an opinion justifying the practice, and giving good and sufficient reason for it, as follows:

"The determining consideration is that the matter at issue, however it may result, will not end the suit. If found against the defendant, the defendant is in court and must plead; if in favor of the defendant, the return of the writ is vacated or quashed, and the suit remains pending; whereas a plea, either in abatement or in bar, if made out by proofs, puts an end to the proceeding. The view that a motion to be determined upon affidavits is the proper practice in such cases is sustained by English decisions,"—citing Hemp v. Warren, 2 Dowl. (N. S.) 758; Preston v. Lamont, 1 Exch. Div. 361.

In the last of the above-named English cases, Amphlett, B., in a concurring opinion, gives the reason for having the question of service determined summarily upon motion, instead of by plea, as follows:

"The decision of the judge at chambers can be contested on appeal, and, if necessary, in the house of lords. There is convenience in this, because it is a speedy and inexpensive mode of determining that question before any expense is incurred upon the merits of the action, whereas, if the question may be raised by plea, all the expenses of the action may be thrown away. * * * Convenience and justice, I think, require that this question should not be the subject of a plea."

In the state courts in this country, while some question has been made as to the conclusiveness of the sheriff's return, it has generally been held, that it is only prima facie true, and that the truth or falsity of the return may be determined upon motion supported by affidavit. The rule in England at the common law was that the sheriff's return was conclusive and could not be disputed, and the defendant's only remedy was by an action against the sheriff for a false return. But in this country, where we have so many different codes of practice, and so many kinds of substituted service, such a rule would be inconvenient, unjust, and impracticable. Upon examination of a great many American cases, we believe the general rule in this country, with some dissenting cases like those in Illinois, to be this: That the sheriff's return stands in the first instance as the affidavit of the sheriff, but is subject to be disputed by affidavits on the part of the defendant showing to the satisfaction of the court, upon motion to quash, that the return is not true in point of fact, or, as in the case at bar, is insufficient in law. Carr v. Bank, 16 Wis. 50; Bond v. Wilson, 8 Kan. 228; Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71; Walker v. Lutz, 14 Neb. 274, 15 N. W. 352; Wendell v. Mugridge, 19 N. H. 109; Stout v. Railroad Co., 3 McCrary, 1, 8 Fed. 794; Van Rensselaer v. Chadwick, 7 How. Prac. 297; Wallis v. Lott, 15 How. Prac. 567; Watson v. Watson, 6 Conn. 334; Rowe v. Water Co., 10 Cal. 442. In this case the sheriff returned that he had made service upon U. L. Truitt, Northwestern passenger agent of the defendant. If this return had been true, the service would have been good. But it is very clear from the affidavits filed that it was not true. Truitt was not Northwestern passenger agent of the company, or any other agent, but a mere employé for a certain purpose. The sheriff was mistaken, and there was no need to resort to the clumsy method of a plea in abatement and a trial by jury to ascertain this fact.

It has been suggested that, allowing the practice by motion to be correct and preferable, still, in analogy to the practice under a plea in abatement of giving the plaintiff a better writ, the defendant

should state in his affidavits on whom the summons may be properly served, or, if there be no such person in the district, to state that fact. No authority is cited for such a rule, and we have searched in vain for a precedent to warrant it. Under our present jurisdiction act, this suit, if brought in the federal court, might be brought either in the district where the plaintiff resides, or the one where the defendant resides. The plaintiff resided in Chicago. The defendant resided in Virginia, having its principal offices at Richmond, in that state. In bringing her action in Cook county, the plaintiff took her chances of being able to get service in that county. Plaintiff's counsel would know without being advised either by plea or affidavit that plaintiff could commence her suit in Virginia, either in the federal or state court, and obtain proper service of summons, or in all probability in the local court at Cincinnati, where the supposed cause of action arose. But there could hardly be any presumption that the defendant would have an office or officers a thousand miles away from its residence and where it operated its road. It seems, therefore, that there could be no obligation on defendant's part to give the plaintiff a better service. There is no suggestion in any of the adjudicated cases that this doctrine has any application to a motion to set aside service. It only applies to a plea in abatement where the objection is to the writ itself. The only better service that she could have would be obtained by discontinuing her action, and bringing suit elsewhere, in some state or place where the defendant was doing business. The plaintiff is here in the rather anomalous attitude of seeking to reverse a judgment to which she consented in open court in the court below, and which would not have been rendered but by such consent. The record shows that she stated in open court that no further efforts would be made to obtain service upon the defendant in that court, and consented that the action be dismissed for want of prosecution. But, waiving the question of the plaintiff's proper standing in this court, we are satisfied to determine the case upon its merits. The judgment of the circuit court is affirmed.

WOODS, Circuit Judge (dissenting). I agree that it was proper practice to try the question of service by affidavits, but think the showing defective because it was not made to appear that there was in Cook county, or elsewhere in Illinois, or the Northern district of Illinois, no agent on whom an effective service could be made. If there is no precedent on the subject, it is a good time to make one. The analogy of the motion to set aside the return of service to a plea in abatement of the writ was strong. The writ issued, as it was, out of the county court had been exhausted, and, the service thereof having been set aside, the plaintiff needed a new or alias writ as well as a new service. Besides, for the reasons stated in the dissenting opinion, I think the case of Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co. should be overruled. The power to make contracts is not the test of agency under the Illinois statute. The agents named are "any clerk, cashier, secretary, engineer, conductor," and then is added, "or any agent."