### FORREST v. PITTSBURGH BRIDGE CO.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 841.

1. FOREIGN CORPORATIONS—SERVICE UPON AGENT—EFFECT OF WITHDRAWAL FROM STATE.

The statutes of Illinois (Act July 1, 1897, as amended in 1899) requiring every foreign corporation doing business in the state to file a certificate with the secretary of state, showing, among other things, the name and address of its agent on whom service of process may be made, contain no provision requiring such corporation to give notice of its withdrawal from the state; and, in the absence of legislation on the subject, after a corporation has in fact withdrawn, and is no longer represented by the designated agent, jurisdiction over it cannot be obtained by service upon him.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The suit was originally brought in the Superior Court of Cook County, Illinois, upon the common counts to recover for professional services. Summons, having been issued, was served April 22, 1901, as per return, "on the within named Pittsburgh Bridge Company, a corporation, by delivering a copy thereof to Daniel W. Church, agent of said corporation, the president of said corporation not being found in the said county." Thereupon, the Pittsburgh Bridge Company, limiting its appearance to the sole purpose of presenting such petition, removed the cause to the Circuit Court of the United States for the Northern District of Illinois, Northern Division, and moved to quash the service of process therein; and upon this motion an order was entered dismissing the cause, at the cost of the plaintiff-in-error. From this order this proceeding is prosecuted.

The hearing on the motion to quash was by affidavit. That of Daniel W. Church—the person upon whom the summons had been served, set forth that he, the said Church, was not, at the time the said summons was served upon him, the agent or representative of said Pittsburgh Bridge Company, nor in any way or manner connected therewith; that he was at said time, and had for a long time theretofore been, connected with and in the employ of the American Bridge Company, which is a corporation wholly different from the Pittsburgh Company and engaged in transacting its own independent business; that until the 27th day of December, 1900, he was under contract with the said Pittsburgh Bridge Company, as its representative in Chicago, which contract, by its terms, expired December 27th, 1900, though before that date, May 12th, 1900, said Pittsburgh Bridge Company went out of business; that, upon the expiration of said contract, he became, and has since been, employed exclusively by the American Bridge Company; and that, at the time of the issuance and service of the writ, the said Pittsburgh Bridge Company was not engaged in business in the State of Illinois, not having been engaged in such business since May 12th, 1900, excepting that at Pittsburgh, in the State of Pennsylvania, it has officers who continue to represent it for the purpose of collecting its credits and accounts, and settling up its affairs.

This affidavit was, in substance, supported by the further affidavits of Thomas M. Nelson, president of the Pittsburgh Bridge Company, and John Runnette, secretary of said company.

In reply plaintiff-in-error exhibited a duly certified copy of an affidavit of Daniel W. Church, filed with the Secretary of State of Illinois, July 21, 1898, in compliance with the Act of July 1st, 1897, and showing that he was then the engineer of the Pittsburgh Bridge Company resident at Chicago; that the capital stock of said company was two hundred thousand dollars; that the proportion of such stock represented by property located and business transacted in Illinois was the one hundredth thereof; and that the public offices of the corporation, or place for the transaction of its business, was at 1138 Marquette Bldg., in the City of Chicago.

Also the certificate of the Secretary of State of July 21, 1898, showing that the Pittsburgh Bridge Company was, in accordance with such affidavit, granted the right to do business in the State of Illinois.

It appeared, also, by the affidavit of James W. Gullett, a clerk in the office of the Secretary of State, of Illinois, that, other than the affidavit before set forth, there is no affidavit or statement by any officer, agent, or representative of the Pittsburgh Bridge Company on file in that office; and that there has not been filed any statement, affidavit, notice or certificate, or a cancellation, revocation or withdrawal of the appointment of said Daniel W. Church, as representative of said Pittsburgh Bridge Company.

Adolph Moses, for plaintiff in error.

Wm. B. McIlvaine, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

After the foregoing statement of facts, GROSSCUP, Circuit Judge, delivered the opinion of the Court, as follows:

This Court has held that the issue of fact raised by a motion to quash, as in this case, may properly be determined by affidavit. Wall v. Railroad Co., 37 C. C. A. 129, 95 Fed. 398.

Subject to some criticism as to form and definiteness, the affidavits submitted show that, at the time of the alleged service of summons, Church did not, in fact, represent the Pittsburgh Bridge Company. This would dispose of the case, but for this argument: That a foreign corporation, having filed its certificate, in pursuance of the Illinois act naming a representative, continues to be suable in the state, by service on such named representative—irrespective

of the corporation's actual withdrawal from the state, or the actual cessation of the agency—until another certificate has been filed setting forth that the person named in the previous certificate is no longer the corporation's representative.

It would, perhaps, be competent, by apt legislation, to make this the law; but, in the absence of legislation to that end, we do not feel authorized to hold that a foreign corporation may be held to have been found in the state, when it, in fact, at the time, was not doing business in the state; or be held to be represented by an agent, who, in fact, held, at the time, no such agency. We find nothing in the Act of 1897 disclosing any such legislative intent; nor in the Act of 1899, though under certain penalties it provides for notice to the Secretary of State of any change in the name and address of the corporation's agent or representative.

The manifest purpose of the amendment in the Act of 1899 was to require foreign corporations, doing business in the state, to give notice of any change in the name or address of its agent; but this does not imply that such corporation may not withdraw from business in the state without having given such notice. Under what conditions a foreign corporation may withdraw has not been made the subject-matter, so far as we are advised, of any legislation whatever.

The complaint was made at argument that the affidavits in support of the motion were indefinite,—that they were conclusions, rather than statements of fact. Affidavits are always subject, more or less, to this criticism. No application was made in the Circuit Court looking to greater definiteness. It would doubtless have been more satisfactory to take the testimony, upon the issues of fact raised, orally or by deposition—and such method could have been availed of by proper motion—but, on the record presented, no error, in this respect, can be predicated.

The decree appealed from is affirmed.