## HIGHAM v. IOWA STATE TRAVELERS' ASS'N.

(Circuit Court, W. D. Missouri, W. D.   January 14, 1911.)

### No. 3,554.

**1.** PROCESS (§ 141*)—SERVICE—RETURN—CONCLUSIVENESS.

While a sheriff's return of service may be conclusive on the parties so far as it concerns the sheriff's physical acts, and as to his recitals respecting the person on whom the service was made and the date thereof, it is not conclusive as to his conclusion of law that the person on whom service was made represented the defendant in such capacity as to authorize service on him.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 189–192; Dec. Dig. § 141.*]

**2.** PROCESS (§ 158*)—SUFFICIENCY OF SERVICE—DETERMINATION—REMEDY.

The proper practice in the federal court to try the question of the sufficiency of service of summons is by motion to quash the return supported by affidavit.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 218–220; Dec. Dig. § 158.*]

**3.** COURTS (§ 344*)—FEDERAL COURTS—STATE PRACTICE.

In the absence of statute, the federal court is not required by the conformity act to follow the state practice of determining the sufficiency of the service of process.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

**4.** INSURANCE (§ 627*)—FOREIGN CORPORATIONS—SERVICE—PERSONS ON WHOM SERVICE MAY BE MADE.

Rev. St. Mo. 1899, § 7992 (Ann. St. 1906, p. 3801), provides that service may be made on a foreign accident insurance company by delivering a copy of the summons and complaint to any person within the state who shall solicit insurance on behalf of any such corporation, or may make any contract of insurance, or who receives any premium for insurance, or who adjusts or settles a loss, or pays the same for such insurance corporation, or in any manner aids or assists in doing either. *Held*, that since, to authorize service, the agent must be one who represents the defendant in an actual, present, official, or representative status, service could not be made on a foreign accident insurance company by leaving a copy of the summons and complaint with a physician whose only connection with the company was that he was from time to time employed in isolated cases to report on the physical condition of injured policy holders within a specified district for which he was paid a physician's

---

fee, being without any authority or duty to make any contract or pay losses or indemnities allowed.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 627.*

Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

At Law. Action by Olive Higham against the Iowa State Travelers' Association. On motion to quash service of summons. Sustained.

Reed, Yates, Atwood, Mastin & Harvey, for plaintiff.

Frank Hageman, for defendant.

VAN VALKENBURGH, District Judge. Robert Higham, plaintiff's husband, was insured in the defendant company against injury and death resulting through external, violent, and accidental means. The petition alleges that in March, 1907, the said Robert Higham received such accidental bodily injuries which, independently of all other causes, resulted in his death. Suit is brought for the recovery of $5,-000 therefor. The defendant is a mutual insurance corporation organized and existing under the laws of the state of Iowa, with its headquarters and only office at Des Moines, Iowa. It is not authorized to do business in the state of Missouri by the superintendent of insurance and maintains no agents or representatives in the latter state who solicit insurance or make any contract of insurance, or collect or receive any insurance premiums, or who adjust or settle losses, or pay the same for such insurance corporation.

Section 7992, Rev. St. Mo. 1899 (Ann. St. 1906, p. 3801), provides that in the case of such corporations service of summons shall be valid and legal "if made by delivering a copy of the summons and complaint to any person within this state who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collects or receives any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either." Service in this case was made upon one Dr. B. F. Watson, as a proper person to be served under this statute. The defendant, appearing specially for the purposes of this motion, contends that he was not such a representative of the company as would make service upon him satisfy the requirements of due process of law.

The summons, with return of service, has been lost; but it is conceded that one was served upon Watson, and the plaintiff, in opposition to the motion, has filed Watson's deposition upon which she relies to establish his relationship to the defendant corporation. So that, we are not concerned here with the form of the return; the only question being whether the service was valid and legal.

Plaintiff contends, first, that the return is conclusive, and that its truth cannot be controverted, citing Newcomb v. Railroad, 182 Mo. 678–704, 81 S. W. 1069. While this may be conceded, for the purposes of this case so far as it concerns the physical acts of the sheriff and recitals respecting the person upon whom service was made and

the date of such service, it does not follow that the conclusions of law stated by the sheriff in his return may not be controverted. In the federal court it is proper practice to try the question of the sufficiency of the service of a summons by motion to quash the return, supported by affidavit, and in the absence of statute a federal court is not required by the act of conformity to follow the state practice of trying this question. Wall v. Chesapeake & Ohio Ry. Co., 95 Fed. 398, 37 C. C. A. 129. And such is the uniform practice. Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569.

Owing to the fact that much of the business of the country is done by corporations having foreign charters and principal offices remote from the state wherein they transact business, it has been found necessary to make provision for the service of summons upon local agents, in order to give jurisdiction to try controversies which have originated in such states, and in pursuance of this policy the state of Missouri has enacted the sections of its statutes providing for service upon insurance companies. Commercial Mutual Accident Co. v. Davis, 213 U. S. 245–253, 29 Sup. Ct. 445, 53 L. Ed. 782. Such provisions, however, must not encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. They must be reasonable, and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation. To involve the representation of the company, the supposed representative would have to hold or enjoy in this state an actual present official or representative status. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. He must so far represent the corporation that he may properly be held in law an agent to receive such process in behalf of the corporation. It is not sufficient that he be employed, not generally, but merely for some particular case, and he must be clothed with power of the company to represent it. The question always turns upon the character of the agent or representative; whether he is such that the law will imply the power and impute the authority to him. It is always open to show that the agent stands in no representative character to the company, that his duties are limited to those of a subordinate employé, or to a particular transaction, or that his agency had ceased when the matter in suit arose. If it appear that the character of the agency is such as to render it fair, reasonable, and just to imply the authority on the part of the agent to receive service, the law will and ought to draw such an inference and to imply such authority. Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569. It is always a matter for the federal court to determine whether the corporation has such an agent or representative within the district that jurisdiction to render a personal judgment against the corporation may be acquired by service on that agent. And in such laws reference is plainly had to business operations of the corporation carried on within the state through the medium of agents

appointed for that purpose, that are continuous, or at least of some duration, and not to business transactions that are merely casual. St. Louis Wire-Mill Co. v. Barb-Wire Co. et al., 32 Fed. 802. The power to make contracts for the company is recognized as indicative of such authority. Wall v. Chesapeake & Ohio Ry. Co., 95 Fed. 398, 37 C. C. A. 129. It is not sufficient that the agency be of the most casual and temporary character. Frawley et al. v. Penn. Casualty Co., 124 Fed. 259.

Plaintiff relies mainly upon the decision of the Supreme Court in Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782, in which this very statute was involved. There the service was made upon one Dr. Mason, who, as the record disclosed, had authority to adjust and settle the loss which was the subject of the plaintiff's claim, and was sent into the state for that very purpose. Among other things, the court said:

"This language (of the statute) clearly has reference to the authority of the person whom the statute declares to be competent to receive service of summons, and the statute, in effect, provides that the person clothed with such power shall be capable of receiving service upon the corporation.   *   *   *

"The company could only be served with process through some agent. It was competent for the state, keeping within lawful bounds, to designate the agent upon whom process might be served. It chose to enact a statute providing that an agent competent by authority of the company to settle and adjust losses should be competent to represent the company for the service of process. When the company sent such an agent into Missouri, by force of the statute he is presumed to represent the company for the purpose of service.   *   *   *

"It is not necessary that express authority to receive service of process be shown. The law of the state may designate an agent upon whom service may be made, if he be one sustaining such relation to the company that the state may designate him for that purpose, exercising legislative power within the lawful bounds of due process of law."

This case goes no farther than to hold that the state may designate a proper person upon whom service may be made, exercising its power within lawful bounds, and that in that case the person served was such a proper person. It will be observed that the statute uses the word "person" instead of "agent"; but the Supreme Court holds that the relationship of principal and agent must exist. In other words, the person must be a legal representative of the corporation.

In the light of the principles thus announced, let us examine into the relationship existing between the company and Dr. Watson as disclosed by his deposition. He was a resident physician of Kansas City, Mo., to whom the company from time to time wrote letters asking him to call on traveling men who had been injured, and who claimed indemnity against the company. It may, perhaps, be conceded that such reference was made to him in most matters occurring within this jurisdiction. On such occasions he visited the disabled person, examined him, and reported to the company whether he thought the man permanently or only temporarily disabled, and in some instances how long he thought the disability would continue. For this service he was paid a physician's fee in each case. He was not under salary, had no blanks to fill out, made no recommendations as to indemnity, adjusted no losses, had no power to contract or pay either losses or

indemnities if allowed. His contractual relations with the company, such as they were, ceased with each individual case. The company was under no obligation to call upon him again. He never had any instructions from the company defining the duties of an agent. He did not act in the present case at all; never saw Robert Higham before or after death; and never heard from the company respecting this case until after he had been served with process, and that through its attorneys. It is quite evident, therefore, that he was not clothed with authority to adjust or pay this loss, or any loss, nor that he was ever appealed to for such purpose.

The only question then is whether the fact that he was from time to time employed by the company in isolated cases to report upon the physical condition of the injured policy holder makes him a person who aids or assists in doing any of the acts named in the statute so as to constitute him such an agent of the company that the state, exercising legislative power within the lawful bounds of due process of law, may designate him as one upon whom legal service may be made. My conclusion is that he does not stand in such a representative relationship to the company as to satisfy the requirements prescribed by the courts. I do not think such is the meaning of the statute in question, and, if that be the interpretation, then the Legislature has not kept within the lawful bounds of due process of law. To hold otherwise would be to uphold service upon those having the most casual connections by correspondence with foreign corporations. Such a ruling carried to its necessary logical conclusions discloses its own weakness. Mere knowledge or notice that might thus be brought home to the party sued would be insufficient without legal service. Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569.

The sympathy of the court goes out to those situated as the plaintiff here, provision for whose support was sought to be made through insurance companies inaccessible except in distant jurisdictions; but this must not blind us to the necessity of legal service of process, which is the essential foundation of all court procedure.

The motion to quash is sustained.